No. 2865.—STATE ex rel. ELIAS GEORGE *v.* ALPHEUS G. TUCKER.

Article sixty-one of the Constitution commands the Governor to fill all vacancies that may occur during the recess of the Senate, by granting commissions, which shall expire at the end of the next regular session thereof.

Article one hundred and twenty vests the General Assembly with power to determine the mode of filling vacancies in all offices for which provision is not made in the Constitution.

By the act of the General Assembly of sixth of March, 1869, the parish of Tangipahoa was created, and the Governor directed to appoint the various officers named in the act. · The commission granted to the Recorder stated that he should continue in office until the next general election for such office.

At the next regular session of the Senate another party was appointed Recorder by the Governor, and confirmed by the Senate. The first appointee refused to surrender the office. Suit was brought under the intrusion act of 1868, No. 156, to test the right to the office under their respective commissions. The first appointee claimed that the office being created by the act under which he was appointed, no confirmation by the Senate was necessary, and that he was entitled to hold it until the time fixed by law for an election.

Held—That the Legislature having in the act No. 27, of 1868, established a general system of appointment and confirmation, and the act under which the Recorder of Mortgages of the parish of Tangipahoa was first appointed, not being in conflict therewith, the court would presume that the latter act was passed with reference to the general law on the subject.

Held, further—That in as much as the latter act was in no wise in conflict but was in harmony with the general law, the officer first appointed could only hold until the end of the next regular session of the Senate; therefore, the latter appointee, who was confirmed, is entitled to the office.

APPEAL from the District Court, parish of Tangipahoa. *Ellis,* J. *Bolivar Edwards*, District Attorney, for appellant. *Emmet D. Craig*, for relator, appellant. *William Duncan* and *R. H. Marr*, for defendant and appellee.

HOWE, J. The motion to dismiss has been waived.

This action was instituted under the provisions of the act of the Legislature (No. 156) of 1868, to test the right to the office of Recorder of Mortgages of the parish of Tangipahoa.

The parish was created by act of March 6, 1869, which provides that within ten days after it should become a law, the Governor should appoint and commission for said parish a Recorder and certain other

officials, and that the officers thus appointed and commissioned should continue in office until the election and qualification of their successors at the next general election in the State for such officers.

Under this law the defendant, Tucker, was appointed and commissioned Recorder March 13, 1869. He was not, however, confirmed by the Senate at the next session. In March, 1870, the plaintiff, George, was appointed and confirmed by the Senate, and commissioned.

The judge below decided the controversy in favor of the defendant, on the ground that the special provisions of the act creating the parish above referred to, entitled him to hold the office until the next general election, (which had not at the time of the decision taken place), and that no confirmation by the Senate was necessary under the terms of this particular law.

The relator, who has appealed, contends that on the thirteenth March, 1869, the day the defendant was appointed, there was an original vacancy existing in virtue of the creation of the office by the act establishing the parish; that the provisions of this act in respect of appointments must be construed with, and controlled by, those of the act of August 19, 1868, (No. 27), passed in compliance with article 120 of the Constitution and entitled " An Act to determine the mode of filling vacancies in all offices for which provision is not made in the Constitution;" and that, in as much as by this general act a confirmation by the Senate is necessary, the appointment of the defendant was provisional, merely, and not being confirmed fell to the ground; and that therefore the plaintiff, appointed, confirmed and commissioned to fill this latter vacancy, must have the office.

The views thus urged by plaintiff appear to us to be the more correct. The act of 1868, No. 27, establishes a general system of appointment and confirmation, which is in harmony with that provided in the Constitution, in respect of offices especially named in that instrument. We will not presume that the Legislature meant to disturb this system in this special case, unless an intention so to do be apparent in the provisions of the act under which the parties hereto were appointed. Such intention is not apparent. The latter act does not in words repeal or modify the former, nor does it do so by implication, since it is not inconsistent with it.

It is admitted that the plaintiff's claim for damages should be dismissed as in case of nonsuit.

It is therefore ordered that the judgment appealed from be avoided and reversed, that the defendant, Alpheus Tucker, be excluded from the office of Recorder of the parish of Tangipahoa; that the plaintiff be placed in possession of the said office, and quieted therein; that his claim for damages be dismissed as of nonsuit, and that the defendant pay the costs of both courts.

Rehearing refused.