## STATE ex rel. FERNANDEZ et al. v. FEUCHT.*

### No. 15023.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1934.

Lubin F. Laurent and Bentley & Dumestre, all of New Orleans, for appellants.

Melvin Barre, of New Orleans, and C. A. Buchler, of Gretna, for appellee.

*Rehearing denied December 10, 1934.

WESTERFIELD, Judge.

Relator alleges that on May 14, 1934, he was appointed and commissioned to the office of coroner for the parish of St. John the Baptist, and that he has qualified by taking oath and furnishing bond as required by law and is entitled to occupy and discharge the functions of that office, but that Dr. Etienne P. Feucht "continues to intrude into, and unlawfully hold, and exercise the duties of, said office, and refuses to surrender same to relator and has resisted delivery to relator and surrender of said office to the extent of enjoining your relator from disturbing him therein until the rights of relator are determined by judicial proceedings, all of which will appear more fully by reference to Injunction Proceedings No. 447 of the docket of this Court (24th Judicial District Court for the Parish of St. John the Baptist), which is made part hereof by reference, particularly the judgment rendered by this Honorable Court on the 11th day of June, 1934."

The defendant, Dr. Etienne P. Feucht, filed an exception of no cause of action which was maintained, and relator has appealed.

The basis of the exception of no cause of action is the failure of relator to allege that Dr. Fernandez' appointment as coroner had been approved by the Senate at the regular session of the Legislature in 1934, and upon the trial of the exception it was admitted that "the appointment of relator as coroner had not been confirmed by the Senate."

Section 12 of article 5 of the Constitution of 1921, which we shall hereafter refer to as section 12, reads as follows: "The Governor shall have the power to fill vacancies that may occur during the recess of the Senate, in cases not otherwise provided for in this Constitution, by granting commissions which shall expire at the end of the next session; but no person who has been nominated for office and rejected shall be appointed to the same office during the recess of the Senate. The failure of the Governor to send to the Senate the name of any person appointed to office, as herein provided, shall be equivalent to a rejection."

Section 72 of article 7 of the Constitution of 1921, which we shall hereafter refer to as section 72, reads as follows: "Any vacancy occurring in the office of coroner shall be filled for the unexpired term by appointment by the Governor."

The contention of relator is that, since this section which empowers the Governor to fill a vacancy in the office of coroner contains no requirement for confirmation by the Senate, confirmation is unnecessary, whatever may be said of the other appointments under the general authority conferred by section 12. It is conceded that, generally speaking, all appointments made by the Governor must be confirmed by the Senate.

An appointment made by the Governor during the session of the Senate is of no effect until confirmed by that body. State ex rel. Farrar v. Garrett, 29 La. Ann. 637.

The Governor's appointment to fill vacancies must be confirmed by the Senate. State v. Tucker, 23 La. Ann. 139.

But, in the case of the office of coroner, it is claimed, the situation is different because this office is one of those which is "otherwise provided for" in the Constitution within the meaning of that phrase as employed in section 12 to the effect that "The Governor shall have the power to fill vacancies that may occur during the recess of the Senate, in cases not otherwise provided for in this Constitution. * * *"

This section confers upon the Governor the power to fill all vacancies, the filling of which is not "otherwise provided for" in the Constitution and requires that his appointments be confirmed by the Senate. Does section 72 instance a situation in which the appointment is otherwise provided for, is the question presented here.

It seems to us that section 72 which specially authorizes the Governor to fill vacancies in the office of coroner is simply a statement in particular of what is said in general in section 12. Why the framers of our Constitution thought it necessary to make particular reference to vacancies occurring in the office of coroner, in view of the general provisions of section 12, is not apparent, but it is clear to our mind that this section does not create an exception to the general rule that gubernatorial appointees should be confirmed by the Senate as required in the general provision on the subject found in section 12.

It is true that there is no mention in section 72, as there is in section 12, of the requirement that all appointments shall be confirmed by the Senate, but the effect of that omission cannot be construed as justifying an appointment of coroner without senatorial confirmation because the necessity of submission of all appointees to the Senate for confirmation is sufficiently proclaimed in section 12 which so ordains, providing that "failure of the Governor to send to the Senate the

name of any person appointed to office, as herein provided, shall be equivalent to a rejection." There was no necessity to repeat, in the special article referring to the office of coroner, the requirement which is made applicable to all appointees in the article which in general terms confers the power of appointment upon the Governor because, unless the vacancy is filled in some manner otherwise provided for in the Constitution, the appointee, under the terms of this article, must be confirmed by the Senate. There is nothing in the special article concerning the filling of the vacancy in the office of coroner which provides that it shall be filled in any other manner than by appointment by the Governor. Hence, it is not otherwise, but likewise provided for, and therefore comes within the terms of section 12 of article 5, which makes it necessary that such appointment be confirmed by the Senate.

In State v. Irion, 169 La. 494, 125 So. 567, 571, the court said: "The vacancies otherwise provided for in the Constitution, and which the Governor under the restriction contained in section 12 of article 5 of the Constitution is not authorized to fill, are such vacancies only as the Constitution provides shall be filled instantly and permanently. For example, in the case of a vacancy in the office of Governor, the vacancy is filled in the order of succession by the lieutenant governor, president pro tem. of the Senate, etc. (Const. art. 5, § 6); in the case of a vacancy in the office of lieutenant governor, the vacancy is filled by the president pro tem. of the Senate (Const. art. 5, § 9); in the case of a vacancy in the office of a justice of the Supreme Court, the vacancy is filled by selection by the court of a judge of one of the Courts of Appeal from the Supreme Court district other than that in which the vacancy occurs, unless the vacancy is for two years or more, when it must be filled by election; and, in the case of a vacancy in the office of the Chief Justice, the vacancy is filled by the justice oldest in point of service (Const. art. 7, § 7); in the case of the Attorney General, the vacancy is filled until the election of his successor by the First Assistant Attorney General (Const. art. 7, § 56); in the case of a vacancy in the office of any parish coroner, the vacancy for the unexpired term may be immediately filled by appointment by the Governor (Const. art. 7, § 72); in the case of vacancies occurring in any of a number of offices in the parish of Orleans, the vacancies are to be filled immediately as set forth in the organic law (Const. art. 7, § 93)."

Referring to this case, counsel calls our attention to that portion of the opinion which deals with the office of coroner, and contends that it amounts to a holding that an appointment to a vacancy in that office is one of those which is otherwise provided for in the Constitution. It must be conceded that in referring to this office in connection with those vacancies which are filled in a manner otherwise than by appointment by the Governor some color is given the argument, but, since the opinion does not in terms so declare and since in all of the other instances mentioned as exceptions to the rule as established by section 12 the Governor is not authorized to make the appointment, we have come to the conclusion that, in mentioning the office of coroner in that connection, the author of the opinion did so by inadvertence, because it clearly appears from the text of the special provision (section 72) that the appointment to fill a vacancy in the office of coroner shall be made by the Governor.

If the contention of counsel was correct, the words "otherwise provided for" must be considered as qualifying the requirement of confirmation by the Senate so as to make the article declare that gubernatorial appointees shall be confirmed by the Senate unless otherwise provided for. This construction of the article would be very strained and would involve a transposition of the qualifying phrase, under discussion, from the place it now occupies in the Constitution to the concluding sentence in the section, so as to have it read: "The failure of the governor to send to the Senate the name of any person appointed to office as herein provided, in cases not otherwise provided for, in this Constitution shall be equivalent to a rejection." This would be doing considerable violence to the constitutional provision, because as it is written the clause is found in the sentence, "the Governor shall have the power to fill vacancies that may occur during the recess of the Senate, in cases not otherwise provided for. * * *"

We know of no instance where a gubernatorial appointment to fill vacancies as authorized by the Constitution does not require confirmation by the Senate.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.