FOURNET, Justice.
 

 Relator, Dr. Julius R. Fernandez, was appointed by the Governor of the State of Louisiana to the office of coroner for the parish of St. John the Baptist A commission, dated May 14, 1934, was issued to him, pursuant to his appointment to fill the vacancy created by the failure of the defendant, Dr. Etienne P. Feucht, who had been elected in the general election of 1932, to qualify by filing his oath and furnishing bond within the time prescribed by law.
 

 Relator qualified by taking the oath and furnishing bond within thirty days from the date of the issuance 9f his commission. Defendant refused to surrender the office, and relator then brought this action to have defendant ordered to vacate the office of coroner and deliver it to relator, together with all the books, papers, and records in his possession appertaining to the office, and, in the event of his refusal to do so, that he be ejected from the office. He further asked for all fees and emoluments of the office, drawn and collected by the defendant as coroner, from the 11th day of June, 1934, up to the time he shall vacate and deliver the office, etc., to relator.
 

 Defendant filed an exception of no cause or right of action, based on an admission that relator’s appointment had not been confirmed by the Senate of the State of Louis!
 
 *137
 
 ana. The lower court maintained the exception, which was affirmed by the Court of Appeal for the Parish of Orleans, 157 So. 557, and the matter is now before us for review on a writ of certiorari, which was granted on relator’s application.
 

 Having failed to file his oath and furnish bond within the thirty-day period as required by Act No. 19 of 1878, the defendant forfeited all rights to the office, which became vacant. State ex rel. Lemonnier v. Beard, 34 La. Ann. 273.
 

 Section 72 of article 7 of the Constitution of 1921 reads as follows:
 

 “Any vacancy occurring in the office of coroner
 
 shall be filled for the unexpired term by appointment by the Governor."
 
 (Italics ours.)
 

 Defendant contends that the failure of the Governor to send to the Senate the name of relator for confirmation is equivalent to a rejection and bases his contention on the provisions of the general law conferring power on the Governor to make appointments, contained in sections 11 and 12 of article 5 of the Constitution of 1921, as follows:
 

 Sec. 11. “Governor’s power of appointment. — He shall nominate, and, by and with the advice and consent of the Senate, appoint all officers whose offices are established by this Constitution and whose appointment, or election, is not herein otherwise provided for; except that the Legislature may provide the mode of filling all offices created by it.”
 

 Sec. 12. “Recess appointments by Govern- or. — The Governor shall have the power to fill vacancies that may occur during the recess of the Senate, in cases not otherwise provided for in this Constitution, by granting commissions which shall expire at the end of the next session; but no person who has been nominated for office and rejected shall be appointed to the same office during the recess of the Senate. The failure of the Governor to send to the Senate the name of any person appointed to office, as herein provided, shall be equivalent to a rejection.”
 

 Relator takes the position that it was not necessary to have his appointment confirmed by the Senate, and moreover that the appointment to fill a vacancy in the office of coroner is not governed by section 12 of article 5 of the Constitution of 1921; but is one of the exceptions “otherwise provided for.” Article 7, § 72, supra.
 

 In 12 Corpus Juris, § 47 (4), p. 703, we find the following:
 

 “While it is the duty of the courts to ascertain and carry into effect the intent and purpose of the framers of a constitution, this intent must be that which they have embodied in the instrument itself. To ascertain the meaning of a constitution, therefore the first resort in all cases is to the
 
 natural signification of the words used, in the order and grammatical arrangement im, which the framers have placed them.
 
 If, thus regarded, the words used convey a definite meaning which involves no absurdity and no contradiction between parts of the same writing, then the meaning apparent on the face of the instrument is the one which alone courts are at liberty to say was intended to be conveyed. And this meaning, when so ascertained, must be taken as the authoritative rule. There is no occasion for con
 
 *139
 
 struction in such cases, and it is not allowable. So, where the constitution speaks in plain language with reference to a particular matter, courts must not place a different meaning on the words employed because the literal interpretation is inconsistent with other parts of the constitution in relation to other subjects.” (Italics ours.)
 

 ' We find the reason for this rule stated in a note to the foregoing section as follows:
 

 “As men, whose intentions require no concealment. generally employ the words which most directly and aptly express the ideas they intend to convey, th^ enlightened patriots who framed our constitution, and the people who adopted it, must be understood •to have employed words in their natural sense, and to have intended what they have said.” Gibbons v. Ogden, 9 Wheat. (U. S.) 1, 188, 6 L. Ed. 23 (per Marshall, C. J.) “We are not at liberty to presume the framers of the constitution, or the people who adopted it, did not understand
 
 the force of language."
 
 People v. Purdy, 2 Hill [N. T.] 31, 36 (quot People v. Rathbone, 11 Misc. 98, 101, 32 N. Y. S. 108). (Italics'ours.)
 

 The question before us for consideration resolves itself into whether or not the clause “in cases not otherwise provided for in this constitution,” in section 12 of article 5, qualifies the power of the Governor to appoint in case of vacancies, or the requirement of confirmation of the appointment by the Senate.
 

 It is perfectly evident from the construction of the clause that it can have but one interpretation, which is that it qualifies the subject-matter of the first sentence dealing strictly with the power of the Governor to appoint. It is a limitation on the power of the Governor to appoint and means that he
 
 shall not have the poioer to appoint where it is otherwise provided for in the Constituí tion.
 

 The Court of Appeal for the Parish of Orleans, in construing this section, said:
 

 “If the contention of counsel was correct, the words ‘otherwise provided for’ must be considered as qualifying the-requirement of confirmation by the Senate so as to make the article declare that gubernatorial appointees shall be confirmed by the Senate unless otherwise provided for. This construction of the article would be very strained and would involve a transposition of the qualifying phrase, under discussion, from the place .it now occupies in the Constitution to the concluding sentence in the section, so as to have it read: ‘The failure of the governor to send to the Senate the name of any person appointed to office as herein provided, in cases not otherwise provided for, in this Constitution shall be equivalent to a rejection.’ This would be doing considerable violence to the constitutional provision, because as it is written the clause is found in the sentence, ‘the Governor shall have the power to fill vacancies that may occur during the recess of the Senate, in cases not otherwise provided for. * * * State ex rel. Fernandez v. Feucht, 157 So. 557, 559.
 

 This construction gives the words in section 12 “a definite meaning which involves no absurdity and no contradiction between parts of the same writing.”
 

 
 *141
 
 But it is contended by counsel for relator that the framers of our Constitution, in writing section 72, art. 7, intentionally left out the phrase “by and with the advice and consent of the Senate” and that such an appointment by the Governor is “immediately and for the unexpired term” and, therefore, one of the cases
 
 otherwise provided for ly the Constitution.
 

 It is a well-settled principle of constitutional construction that such construction should be placed on the provisions so as to give effect to the purpose indicated by a fair interpretation of the language used. However, “if a literal interpretation of the language used in a constitutional provision would give it an effect in contravention of the real purpose and intent of the instrument as deduced from a consideration of all its parts, such intent must prevail over the literal meaning.” 12 C. J. 702, § 44(b).
 

 It is clear that when the framers of the Constitution wrote section 69 (article 7), providing for filling the vacancies of district judges, district attorneys, sheriffs, and clerks of court, where the unexpired term is less than a year, but omitted the office of coroner, they added section 72 in order to authorize the Governor to appoint a coroner when there was a vacancy and the unexpired term was for more than a year. It was unnecessary to add the phrase “by and with the advice and consent of the Senate” to the several provisions of the Constitution where the Governor is given the power to appoint to fill certain vacancies in face of the positive provisions of section 12 of article 5, which makes senatorial confirmation necessary under the penalty of having such appointee treated as having been rejected by the Senate and not subject to reappointment to the same office during the recess of the Senate.
 

 Relator’s appointment was made on the 14th of May, 1934, which was the second Monday of the month and the day upon which the second biennial session of the present Legislature of Louisiana convened. Article 3, § 8, Constitution of 1921. Necessarily, we take cognizance that the Senate was in session, beginning at 12 o’clock noon on the second Monday in May, for a period of sixty days. Relator’s appointment. was not sent to the Senate for confirmation by that body and we must, therefore, consider his nomination “equivalent to a rejection.”
 

 We are, therefore, of the opinion that relator is without right to contest the incumbent’s right to occupy the office of coroner and the judgments of the district court and Court of Appeal are affirmed.