## STATE ex rel. FERNANDEZ et al. v. FEUCHT.*

### No. 16217.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1935.

Lubin F. Laurent, A. C. Dumestre, and Emerson Bentley, all of New Orleans, for appellants.

Melvin P. Barre, of New Orleans, for appellee.

JANVIER, Judge.

This is a contest for the office of coroner of the parish of St. John the Baptist. Dr. Etienne P. Feucht was duly elected in the year 1932, but he failed to qualify, overlooking the furnishing of the bond and the taking of the oath. However, since he had previously been the incumbent, he retained the office because of the fact that until May 14, 1934, no other person was appointed or elected. On that day, while the Legislature was in regular biennial session as provided by the Constitution of 1921 (section 8, art. 3), the Governor of the state nominated for the said position Dr. J. R. Fernandez and caused a commission to issue to him, but, being advised by the Attorney General of the state that it was not necessary that the said nominee be confirmed, the Governor did not send to the said Senate the name of Dr. Fernandez for confirmation.

In the contest which resulted, Dr. Feucht, the "holdover incumbent," contended that because the Governor had permitted the Senate to adjourn the regular biennial session without submitting to it the name of Dr. Fernandez for confirmation, that nomination was ineffective and that the nominee should be considered as having been rejected by the said Senate.

We sustained this contention, holding that the appointment of a coroner required confirmation by the Senate. See 157 So. 557.

After granting a writ of certiorari the Supreme Court affirmed our decree. 182 La. 184, 161 So. 179.

Dr. Feucht then continued in office as the "holdover incumbent."

Thereafter on April 18, 1935, while the Legislature was convened in special or extraordinary session, the Governor again nominated for the same position the same person, Dr. J. R. Fernandez. This nomination was sent to the Senate and confirmed during the said extraordinary session, and Dr. Fernandez thereafter, in due course and within the legally prescribed time, took the necessary oath of office and filed the necessary bond.

He then instituted this action seeking to oust the said "holdover incumbent," Dr. Feucht.

The defendant, by exception of no right of action, puts at issue the qualification of Dr. Fernandez, contending that under the Constitution of Louisiana, the latter, having been constructively rejected at a previous session of the Senate, was not elegible for appointment to the same position for the same term during the recess of the Senate.

Dr. Fernandez concedes that he could not have been appointed during a recess of the Senate, but maintains that he was not so appointed and that, on the contrary, the nomination was made while the Senate was in session; the argument being that a special or extraordinary session is, under the law, a session of the Senate and that while the Senate is so convened it is not in recess.

The point at issue is simply this: May an appointee who has previously failed of

confirmation be again appointed to the same position at any other time than during a regular biennial session of the Legislature? In the district court this question was answered in the negative. The exception of no right of action was sustained and the suit was dismissed.

Dr. Fernandez makes the further contention that, even if it be held that a special session of the Senate is not a session in the sense that it interrupts a recess period between biennial sessions, nevertheless he was eligible for appointment during a recess of the Senate by reason of the fact that the first appointment, made without confirmation, was an absolute nullity in view of the holding of this court and of the Supreme Court in the prior case.

The contention on this point is that the first appointment was an absolute nullity since it, having been made during a regular biennial session and without submission to the Senate, had no effect at all.

We shall first consider the question of whether a special or extraordinary session of the Legislature interrupts the recess period to such an extent as to make it possible to make, during a special or extraordinary session, such an appointment as was here made.

We are unable to find that the question has heretofore been presented to our courts. It has been definitely settled that a person otherwise eligible for appointment to public office may be confirmed by the Senate at an extraordinary session, but that, on the other hand, the failure of the Governor to send to such special or extraordinary session a name for confirmation does not constitute a constructive rejection of the nominee; in other words, that the Governor may send recess appointments to a special session for confirmation but need not do so.

In State v. Dowling, 167 La. 907, 120 So. 593, 600, the Supreme Court referred to section 12, article 5 of the Constitution, which requires that recess appointments be sent for confirmation to the Senate at the next session, and held that this section should be interpreted in connection with section 8 of article 3, requiring regular biennial sessions of the Legislature, and that the two sections interpreted together mean that such an appointment must be sent to the next regular biennial session and need not be sent to the extraordinary session. In that case is found the following:

"Under section 8 of article 3, it is manifest that 'the next session' refers to the next regular or biennial session of the Legislature."

In State v. Irion, 169 La. 481, 491, 125 So. 567, 570, the Supreme Court reaffirmed the conclusions reached in the Dowling Case, and, in referring to that case, said:

"There we held, in refusing the respondent's application for a rehearing, that it is the discretionary and not the mandatory duty of the Governor to have his recess appointments confirmed at a special session of the Legislature; hence his failure to send the name of a recess appointee to the Senate for confirmation at a special session did not operate as a rejection of the appointment. The pertinent constitutional provisions have been construed by this court, and we see no legal or valid reason for departing from that construction."

The conclusions there reached resulted from the view that where, in section 12 of article 5 of the Constitution, it is provided that on penalty of constructive rejection the Governor must send in to the Senate for confirmation the name of an appointee before the "end of the next session," the words "next session" mean next regular biennial session and cannot be interpreted as including any special or extraordinary session which may be called.

It is argued from this that the interpretation placed by the court upon that section is that it is therein contemplated that the Legislature shall be considered as being in session only when it convenes regularly and biennially as provided by section 8 of article 3 of the Constitution, and that at all other times it shall be considered as in recess even though in the interim it may be convened in extraordinary session.

It is not within our province to discuss the conclusions reached by our Supreme Court in the cases cited. But for those decisions we might have been privileged to permit ourselves to be influenced by such earlier decisions as State ex rel. Morgan v. Kennard, 25 La. Ann. 238, and many others in this state and elsewhere, and to construe them as holding that a special session is, nevertheless, a session and in concluding that the requirement

that something be done "at the next session" places upon the obligor the duty of doing that thing at the next session, whether regular or extraordinary.

We may have felt that the right given to the Governor to appoint during a recess arises from necessity and is intended to be limited to such time as may be required to obtain conveniently the approval of the Senate. In other words, that where, in case of a vacancy, the public good requires that some one be appointed to act, the Governor may, if the Senate is not in session, make a temporary appointment to continue only until the first opportunity to obtain the required consent of the said Senate. But we are not privileged to interpret for ourselves those decisions nor the constitutional provisions which are involved here, because we now can view them only in the light thrown upon them by the Dowling and the Irion Cases and, therefore, cannot conclude otherwise than that the word "session" as used in the constitutional article means regular biennial session.

Based on this conclusion is the argument that if the word "session" may mean only regular sessions, then at all times other than those at which the Legislature is in regular session it is in recess, and that, thus, an appointment made at an extraordinary session is, in the contemplation of the Constitution, an appointment made during recess.

If this argument is sound, then the appointment of Dr. Fernandez is ineffective because he, having been previously constructively rejected, could not have been nominated for the same position except at a regular session and this only by and with the advice and consent of the Senate. We feel, however, that all that is meant by the prohibition against the appointment during a Senate recess of a person who may have been once rejected by failure of confirmation was that it must be made certain that such a person shall not receive an interim appointment and thus for a time be placed in an office against the will of the Senate. We do not feel that there was any other purpose in the minds of the framers of the Constitution than that such rejected nominee should not later obtain the office for any period at all except with the approval of the Senate. We see no reason to interpret the Con-

stitution as requiring that the appointment must wait for a biennial session or for any particular period of time. All that is intended is that such appointment must be made while the Senate is convened and such appointment shall not be effective until it has been confirmed.

The Governor is given the right to present nominees for confirmation at extraordinary sessions (Dowling and Irion Cases, supra), and we can find no logical reason to distinguish between those never formerly nominated and those formerly nominated and rejected except that, in the case of the former, appointment may be made while the Senate is not in session and may become effective at once and may continue until the Senate has had an opportunity to act thereon, whereas in the case of the latter the appointment is ineffective until made and confirmed while the Senate is convened.

The nomination and confirmation of Dr. Fernandez could be properly made at an extraordinary session, and if they were so made they would have the effect of putting an end of the incumbency of Dr. Feucht from the time of the qualification of Dr. Fernandez.

The other contention of Dr. Fernandez to the effect that the former decisions referred to rendered his first appointment an absolute nullity, and that thus his second appointment might have been made in recess, need not be considered.

The matter is submitted to us on appeal from a judgment sustaining an exception of no right of action, and, though we find in the record an agreed statement of fact, the matter is not submitted on the merits and we can do no more than render a decree reversing the judgment of the district court, overrule the exception, and remand the matter for further proceedings in the court below.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that the exception of no right of action be, and it is, overruled, and that the matter be, and it is, remanded to the Twenty-Fourth judicial district court for the parish of St. John the Baptist for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.