SAMUEL, Judge
(dissenting).
The fundamental issue we must decide is the length of the term of Judge Bosset-ta’s appointment by the Governor. If the appointment was properly for the balance of the unexpired term of his predecessor, more than five years, the conclusion of the majority is correct. If the office was to be filled by election at the next succeeding congressional election after the vacancy occurred, that conclusion is incorrect and the Democratic Executive Committee must order the holding of a primary election for the purpose of nominating a candidate for the office. For LSA-R.S. 18:303, which is concerned with primary elections, makes this duty mandatory on the committee whenever a judicial officer is to he elected at the same time as members of congress are to be elected.
Clearly the office involved is a constitutional one and the length of the appointive term must be determined by the constitution itself. The only pertinent constitutional provisions are Article 7, § 94, the amendment which created the Municipal Court, and Article 5, § 11, the omnibus provision relative to appointments by the Governor. The omnibus provision is applicable only in the event that Article 7, § 94 is not. The pertinent portion of Article 7, § 94 is:
“Any vacancy in said Court for any cause where the unexpired term is less than one year shall be filled temporarily by appointment by the Governor until the next succeeding congressional election, at which time such vacancy shall be filled for the remainder of the unexpired term by election.”
The court is not bound by a literal interpretation of a constitutional provision where such an interpretation leads to an absurd conclusion or, more especially, where it leads to a plain violation of the spirit and purpose of the provision; the real purpose and intent must prevail over such a literal meaning. Meyers v. Flournoy, 209 La. 812, 25 So.2d 601; State ex rel. Fernandez v. Feucht, 182 La. 134, 161 So. 179; State v. Joseph, 143 La. 428, 78 So. 663, L.R.A. 1918E; In Re Coon, La.App., 141 So.2d 112.
A literal interpretation of the above quoted portion of Article 7, § 94 renders that portion not only absurd but meaningless and constitutes a plain violation of its spirit and purpose. That spirit and purpose are to be found in the very words of the article. They state that the appointment by the Governor is temporary and only until the next succeeding congressional election at which time the vacancy must be filled by election. Obviously, under Article 7, § 94 the Governor’s appointment cannot be for a time beyond the next congressional election. Equally obviously, if the appointment by the Governor can be made only until the next congressional election, it was never intended that such an appointment could be for a period of years as is true here.
To permit the appointive term to run for a period of years is not only to do violence to the plain intent and purpose of the article, it constitutes a doing of what the article clearly intends to prevent. In my opinion Article 7, § 94 must be interpreted so as to limit the Governor’s appointment to the next congressional election.
I respectfully dissent.