YARRUT, Judge
(dissenting).
I disagree with the conclusions and decree of the majority, and concur in the dissent of Judge Samuel.
The only issue in the case is the tenure of intervenor, Judge Bossetta, when the Governor appointed him to fill the vacancy created on the Municipal Court by the election to the District Court of his predecessor. Was it until the end of the year in which the next regular election is held as provided in the Constitution, to-wit, November, 1964; or was it for the full unexpired term, ending December 31, 1968?
*36 I have concluded that the Governor had the right to appoint intervenor as Judge of the Municipal Court for a term ending with the calendar year December 31, 1964, since a regular congressional election must be held in November, 1964, as fixed in the Constitution.
We are confronted by two provisions of the Louisiana Constitution: Article VII, Section 94; and Article V, Section 11.
The Constitution and statutes must be construed literally when clear, free of ambiguity and not in conflict with other provisions of laws in pari materia. When ambiguous or in apparent conflict with other provisions concerning the same subject matter, it is the duty of the courts to reconcile them rather than to nullify the purpose and intent of the Constitution or statutes.
Article VII, Section 94 (c) provides:
“ * * * Any vacancy in said Court for any cause where the unexpired term is less than one year shall be filled temporarily by appointment by the Governor until the next succeeding congressional election, at which time such vacancy shall be filled for the remainder of the unexpired term by election. All judges so elected shall take office on the first day of January following their election.”
Literally, this section creates an absurdity, when a vacancy occurs with an unexpired term of less than a year in the year in which a congressional election must be held under the Constitution. This provision literally gives the Governor authority to appoint a successor until the congressional election, at which time the candidate elected would hold the office until the end of the year, or just one month. Further, since, by Section 94, the judge so elected takes office on January following his election, by the time he took office the term of the original vacating judge would have expired. On the other hand, if the vacancy occurs in a year other than of a congressional election, a literal interpretation of Section 94 would permit the gubernatorial appointee to hold office beyond the term of the vacating judge.
Section 94 becomes logical only if the word “less” is interpreted as being the word “more”, so that it applies to a vacancy in which the unexpired term is more than a year.
In this respect our jurisprudence was well epitomized in the case of In re Coon, La.App., 141 So.2d 112, and the authorities therein cited, in the following language:

“In the interpretation of a constitutional article the courts are not bound by a literal interpretation where to do so would lead to an absurd conclusion or to a plain violation of the spirit and purpose of the enactment. State v. Joseph, 143 La. 428, 78 So. 663, L.R.A. 1918E, 1062. The real purpose and intent of a constitutional provision, as determined from consideration of all its component sections and paragraphs, 'must prevail over a literal meaning which would assign thereto an effect contravening the primary purpose and intent thereof. State ex rel. Fernandez v. Feucht, 182 La. 134, 161 So. 179. To arrive at the true meaning and intent of a particular provision of a constitutional article recourse may be had to the entire instrument, if necessary, to ascertain the true meaning of the provision to be construed. Meyers v. Flournoy, 209 La. 812, 25 So.2d 601.” * * * See also Blessing v. Levy, 214 La. 856, 39 So.2d 84.
Regardless of the wording of Article VII, Section 94 of the Constitution, the intent is that the tenure of any gubernatorial appointments should expire at the end of the year in which the next regular election will be held. It is incredulous to hold that the drafters would allow the Governor to appoint only until the next election when the unexpired term is less than a year, but per *37 mit him to appoint until the end of a term which has more than a year to run, as in this case, five and one-half years.
In its final analysis, the majority decision means simply that, if a judge is elected to the Municipal Court for the term of eight years, and unfortunately fails to take his oath within the time prescribed by law, or dies a day or so after taking office, the Governor has the unquestioned right to appoint his successor for the remaining period of his term, to-wit, eight years, thus depriving the electorate of their right to elect their judge for practically a full term.
The intention was clearly to provide that the tenure of gubernatorial appointments to Municipal Court judgeships should continue only until the next congressional election.
In interpreting Article V, Section 11, and the Governor’s power of appointment thereunder, we must keep in mind that Municipal Court judgeships are, by Article VII, Section 94, elective offices. The purpose of allowing the Governor to fill vacancies by appointment is to assure the continued and uninterrupted functioning of public offices until the people have an opportunity to elect them.
To hold that the Governor’s appointment of Judge Bossetta expires in 1968 impinges on the right of the electorate of Orleans Parish to choose their Municipal Court judges. This right of the electorate is specified in Article VII, Section 94:
“(b) Said Court shall consist of four (4) judges, all of whom must be attorneys-at-law; they shall he elected by the qualified electors of the Parish of Orleans * * (emphasis ours)
The appointive power of the Governor was never intended to usurp and supersede the elective power of the people, which power in our republican form of government, is inherent and should be safely guarded by all branches of the government, Executive, Legislative and Judicial.