306 So.2d 863 (1974)
In re Investigation of possible Violations of the Civil Service Law and Rules by Registrars of Voters, Nathaniel BANKSTON, East Baton Rouge Parish, et al.
No. 10064.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearing Denied February 10, 1975.
*864 Joseph W. Greenwald, Lake Charles, for Cutrer, Bankston and Riess.
*865 A. Foster Sanders, III, Baton Rouge, for Bankston, Cutrer, Millet and Riess.
R. Gray Sexton, Baton Rouge, for Civil Service Commission.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
LANDRY, Judge.
This appeal by Nathaniel Bankston, Registrar of Voters, East Baton Rouge Parish; Lillieon M. Cutrer, Registrar of Voters, Calcasieu Parish, James E. Millet, Registrar of Voters, Terrebonne Parish, and Louis C. Riess, Registrar of Voters, St. Bernard Parish (Appellants), challenges a decision of the Civil Service Commission, State of Louisiana (Commission), declaring all employees of Registrars of Voters, except the Registrars themselves and one chief deputy, to be classified state employees within the purview of the Civil Service Amendment to the State Constitution, more particularly La.Const. Art. XIV, Section 15. The Commission's order allowed Appellants forty-five days in which to comply under penalty of suspension of emoluments of the affected employees. We affirm.
Anthony W. Fulco, Registrar of Voters, Caddo Parish, was also made a party herein. After service of notice by the Commission, Mr. Fulco notified the Commission, in writing and before the hearing held herein on June 4, 1974, that Mr. Fulco intended to comply with the Commission's directive in this matter. In accordance therewith, Mr. Fulco has not appealed.
The facts are simple, undisputed and stipulated. The Commission acknowledges that since adoption of the Civil Service Amendment in 1953, the Commission has historically overlooked the fact that in 62 of the state's 64 parishes, the Registrars of Voters have engaged employees, other than the Registrars themselves and their chief deputies, who were not classified within the intendment of the Civil Service Amendment. It is conceded that all employees covered herein are paid by local governmental authorities. In early 1973, the Commission initiated efforts to bring all such employees within the classified or State Civil Service System. To accomplish this end, communications were addressed to Registrars throughout the state requesting execution of documents required to effect the desired change. Upon refusal of Appellants to comply, the Commission initiated a hearing in the matter pursuant to authority contained in La. Const. Art. XIV, Section 15(O)(4).
The Commission contends that the Classified Service, as defined in the applicable constitutional article, includes all persons employed in the offices of State Registrars of Voters, except the Registrars themselves and one Chief Deputy for each Registrar.
More particularly, the Commission relies upon La.Const. Article XIV, Section 15, Paragraphs (A)(2), (G)(a), (G)(b) and (G)(c).
Paragraph (A)(2), above, reads in pertinent part as follows:
(A)(2) "State service. `State Service' or `Civil Service of the State' means all offices and positions of trust or employment in the employ of the State, or ... joint state and parochial agencies financed by state and/or parochial funds; irrespective of whether the pay for such offices and positions of trust or employment is to be paid with state or municipal or parochial funds or with funds contributed jointly by the state and/or municipalities and/or parishes involved."
Paragraph (G)(a) defines unclassified state service. In effect, this provision enumerates 17 categories of public officers, elected officials, employees, board and commission members, and other expressly mentioned classes of personnel, declared to be unclassified and outside the scope of the Civil Service Amendment. The applicable *866 provisions of this Paragraph are as follows:
"The Unclassified State and City Service shall comprise the following offices and positions: ... (11) registrars of voters and one chief deputy for each registrar of voters."
In paragraph (G)(b), above, classified state civil service is defined as follows:
"(G)(b) ... The Classified Civil Service of the State shall comprise all other offices and positions of employment in the State service existing on the thirtieth (30th) day of June, 1953, or thereafter created in the State Service."
The opening sentence of Paragraph (G)(c), above expressly prohibits the legislature from increasing or enlarging the categories of unclassified employees specified in (G)(a), above. Paragraph (G)(c) then provides the following:
"(G)(c) ... no provision or restriction in (G)(a) or this Section shall deny to the Legislature or to the governing body of any city, or any parish governed jointly with one or more municipalities under a plan of government, having a civil service system, the power to place in the classified state or city service, as the case may be, any offices and positions, except elective offices, which are placed in the Unclassified Service by (G)(a)."
Tersely stated, the Commission maintains the foregoing constitutional provisions clearly and unambiguously place all employees of the various Registrars of Voters under the state civil service system, excepting the Registrars themselves and one employee designated as Chief Deputy.
Conversely, Appellants maintain on authority of La.Const. Article 8, Section 18, and certain legislation enacted pursuant thereto, that all employees of Registrars are unclassified employees.
La.Const. Article 8, Section 18, provides that there shall be a Registrar of Voters for each parish of the state appointed by the governing authority of each parish and commissioned by the Governor. Paragraph G of said Article and Section provides:
"G. No other officer or person shall exercise any of the powers or duties of the registrar of voters after December 15, 1921; provided, that this shall not be construed to forbid the legislature to authorize the appointment by the registrar, of deputy registrars."
Article 8, Section 18, above was adopted in 1921. It was amended in 1966. The amendment, however, did not affect any of the provisions of Paragraph G, above.
In implementation of Article 8, Section 18, above, the legislature has enacted several statutes which, in pertinent part, provide as follows:
LSA-R.S. 18:6:
"Unless otherwise provided by law, registrars may appoint deputies, clerks, and other employees, at the compensation fixed by the registrars or by this section. . .."
LSA-R.S. 18:270.108:
"Unless otherwise provided by law, registrars may appoint deputies, clerks and other office employees ...."
LSA-R.S. 18:7:
"Unless otherwise provided by law, deputies, clerks, and employees appointed by this Part may be removed at will by the registrars appointing them...."
LSA-R.S. 18:270.109:
"Unless otherwise provided by law, deputies, clerks, and employees appointed under this Part may be removed at will by the registrars appointing them...."
Appellants also urge that the employees concerned herein should be categorized as *867 unclassified in that they are employees of local parish police juries, insofar as concerns Calcasieu, Terrebonne and St. Bernard Parishes, and employees of an analogous City-Parish form of government insofar as concerns East Baton Rouge Parish. Alternatively, Appellants contend the employees in question are unclassified in that they are in effect commissioners or watchers of elections. This latter contention is based on La.Const. Article 14, Section 15(G)(a), which recites:
"The Unclassified State and City Service shall comprise the following offices and positions: ... (9) Commissioners of elections, and watchers; custodians and deputy custodians of voting machines; (10) all persons employed and deputies selected by ... police juries ...."
The Commission found no conflict between Article 14, Section 15(G)(a)(11) and Article 8, Section 18(G). In essence the Commission held that Article 8, Section 18(G) merely authorized Registrars to employ a single deputy, which construction accorded with Article 14, Section 15 (G)(a)(11). The Commission likewise held that the statutes relied on by Appellants, while properly authorizing appointment of deputies pursuant to Article 8, Section 18(G), did not extend to or encompass authority to employ and fix salaries of deputies and other employees which properly fall into the Classified Service.
Appellants contend the Commission erred in finding no conflict between the constitutional provisions involved. It is Appellants' position that Article 8, Section 18(G) has been in the Constitution since 1921. This Article, according to Appellants, authorizes the legislature to permit Registrars to employ deputy registrars, meaning more than one or such number as may be required in any given case. The statutes relied upon by Appellants herein are said to be in supplementation of Article 8, Section 18. It is Appellants' further position that since Article 14 (The Civil Service Amendment) was added to the Constitution in 1952, and because Article 8, Section 18, was amended in 1966, with no change in the pertinent provisions thereof, Article 8, Section 18, was not amended by Article 14, Section 15. In this connection, Appellants rely upon Graham v. Jones, 198 La. 507, 3 So.2d 761, as authority for the rule that there is no such thing as tacit constitutional amendment.
Appellants additionally urge that the Commission erred in holding the affected employees to be classified employees contrary to the cited statutes giving Registrars authority to name their own employees and prohibiting others from interfering with the control of said employees; declining to find such employees unclassified as employees of parish police juries pursuant to Article 14, Section 15(G)(a)(10), and holding such employees are not unclassified election commissioners or watchers in conformity with Article 14, Section 15(G)(a) (9).
We do not share the Commission's view of a lack of conflict between the pertinent constitutional articles. Article 14, Section 15(G)(a)(11) states that insofar as the offices of Registrars are concerned, only the Registrar and one chief deputy are unclassified. Article 8, Section 18(G) grants the legislature authority to empower Registrars to appoint deputy registrars. Article 8, Section 18, was in effect for many years prior to adoption of Article 14. We think the only reasonable interpretation of Article 8, Section 18(G) is that it intended to authorize the legislature to empower Registrars to employ not merely a single or chief deputy, but such deputies and employees as might be required to discharge the functions of any given Registrar's office. Any other interpretation, we believe, would lead to absurd results.
We find a conflict in fact between the applicable constitutional articles. We also find, however, that the conflict is not to be resolved on the authority of Graham v. Jones, above, as urged by Appellants. In *868 the cited authority, the issue was whether constitutional requirements had been scrupulously observed in the adoption of a constitutional amendment. The court there held that if a constitutional amendment was intended to amend an existing constitutional provision, express mention thereof was required to be made known to the electorate.
In this case, there is no issue concerning the regularity of adoption of Article 14. Neither is it contended that Article 14 was intended per se to amend pre-existing Article 8, Section 18(B). We are here presented with the adoption of a general policy amendment (The Civil Service Amendment) which conflicts, to some extent, with a pre-existing constitutional provision.
Constitutional provisions are interpreted by the same rules as are other laws. Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111; Barnett v. Develle, La., 289 So.2d 129.
In the event of conflict or inconsistency between different sections of the Constitution, the provisions should be construed in a manner which allows each to Flournoy, 209 La. 812, 25 So.2d 601; Barnett v. Develle, above.
Constitutional provisions should be so construed as to give effect to the purpose indicated by a fair interpretation of the language used. State ex rel. Fernandez v. Feucht, 182 La. 134, 161 So. 179; Barnett v. Develle, above.
Positions of articles and related articles in the Constitution, their source, history and development or changes in application of the articles are important considerations in their interpretation and application. Civil Service League v. Forbes, 258 La. 390, 246 So.2d 800; Barnett v. Develle, above.
Where, however, constitutional intent is evident and explicit from language used, the court may not consider a history of constitutional prohibition and may not, by considering separate but related constitutional provisions, arrive at a determination of construction which impairs the effectiveness or distorts the manifest meaning and purpose of related constitutional provisions. Public Housing Administration v. Housing Authority of Bogalusa, 242 La. 519, 137 So.2d 315; Barnett v. Develle, above.
Applying the foregoing principles to the case at bar, we find Article 14 to be clear and express in its establishment of a Civil Service System in this state. The unmistakable intent of the Civil Service Amendment is that it is broad in scope and includes within the Classified Systems all employees, officers, agents and officials of the state and cities, except those therein expressly designated as unclassified employees.
We are of the view that this broad statement of public policy in a field of such vast importance must prevail over other constitutional provisions which would subvert its effect or distort its obvious purpose. We hold, therefore, that the provisions of Article 8, Section 18(G) must yield to those of Article 14, Section 15(A) (2), (G)(a)(11) and (G)(b) insofar as any conflict exists between these Articles. It follows that the legislative acts herein relied upon by Appellants, being founded on Article 8, Section 18(G), must likewise yield to the provisions of Article 14, Section 15.
We agree, however, with the Commission's conclusions that Article 14 does not contradict Article 8, Section 18(G) insofar as the latter provides that no officer other than a Registrar (or duly appointed deputy or employee of a Registrar) shall discharge the duties of a Registrar.
We think it equally clear that employees of a Registrar are not commissioners of election or election watchers, and therefore unclassified employees pursuant *869 to La.Const. Article 14, Section 15(G)(a) (9). Registrars and their employees are not charged with the duty of conducting elections or serving as watchers at election contests. The duties of Registrars consist of the registration of voters and all matters incidental thereto. LSA-R.S. 18:1 et seq.
Neither do we find merit in Appellants' contention that the employees concerned are employees of local police juries or other local governmental units and therefore unclassified pursuant to La. Const. Article 14, Section 15(G)(a)(10), which characterizes as unclassified "all persons employed and deputies selected by sheriffs, clerks of court, police juries, assessors, coroners, ...." Appellants argue that since Registrars, their deputies and employees are paid in full by local police juries, they are employees of police juries and therefore unclassified.
We think it clear that such employees are joint state and parochial agencies within the purview of La.Const. Article 14, Section 15(A)(2), above. Their function serves both state and local service, namely, registration of voters to conduct both state and local elections. As joint state and parochial agencies, it is immaterial who pays their salaries either in whole or part. Such employees are classified. La.Const. Article 14, Section 15(A) (2).
The order of the State Civil Service Commission rendered herein is affirmed. Appellants are hereby ordered and directed to comply with the order issued herein by the Commission within forty-five (45) days of the date on which this judgment becomes final.
All costs for which Appellants are amenable shall be paid by Appellants in equal portions.
Affirmed.