ROGERS, Justice.
 

 Plaintiff is the owner of three producing gas wells and equipment located on an oil
 
 *815
 
 and gas lease covering lands in Caddo Parish. Plaintiff was assessed for ad valorem taxes for the years 1941, 1942 and 1943 on the gathering lines, separators, derricks, pumps, boiler- station and- oil tanks used in the operation of the wells and also on the gas wells themselves. When threatened by the sheriff with seizure and sale of the assessed property if the taxes were not paid, plaintiff, under protest, -paid the sheriff $1,078.45, the aggregate amount of the taxes for the years covered by the assessment. Plaintiff then brought this suit against the sheriff for the return of the amount of taxes paid by him .under protest, with interest, and praying that the property assessed be'decreed to be not subject to taxation in addition to the severance tax provided for by section 21 of Article 10 of the State Constitution.
 

 In its answer
 
 to
 
 plaintiff’s petition, defendant denied that the property, as assessed, is exempt from the ad valorem tax levied thereon, alleging that the three gas wells listed .on the assessment rolls included only “the hole in the ground * * * and any tubing or casing or other items of property inserted in, or fixed in, the hole below the surface of the ground;” that since the effective date of the Constitution of 1921, property of the kind here assessed and taxed has been uniformly assessed and taxed throughout the State, and by the same manner and method, and that up to the present time no taxpayer has sought to claim such exemption under the constitutional article.
 

 There was judgment in the court below rejecting plaintiff’s demand and dismissing his suit, and plaintiff has appealed from the judgment.--
 

 Plaintiff’s property was assessed in accordance with the instructions of the Louisiana Tax Commission as set forth at pages 220 to 223 of the Second Biennial Report of the Commission for the years 1942-1943. It was explained by the assessor that the assessment levied on plaintiff’s gas wells included the devices located below the surface of the ground and did not include the oil and gas lease owned by plaintiff. No complaint is made by .plaintiff as to the actual value placed upon the various items for assessment purposes.
 

 Section 21 of Article 10 of the Constitution of 1921, ■ after providing that taxes may be ievied on natural resources severed ■ from the soil or water, further provides: "No further or additional tax dr license shall be levied or imposed upon oil, gas. or, sulphur leases or right, nor shall any additional value be added to the assessment of land, by reason of the presence of oil, gas or sulphur therein or [produced] therefrom.”
 

 The Legislature has levied severance taxes on natural resources and particularly on oil and gas. Act No. 140 of 1922; Act No. 24, Second Extra Session of 1935. Plaintiff therefore contends that his gas. wells and the equipment used in connection with the production of gas therefrom are not subject to additional taxation.
 

 Defendant contends that the provision of the Constitution invoked by plaintiff
 
 *817
 
 .amounts to an exemption of property from taxation, which, without the constitutional provision, would be subject to taxation.
 

 The judge of the district court, while finding with the defendant, did not follow defendant’s argument that the issue raised by plaintiff involved an exemption from taxation of the property listed on the assessment rolls. In refusing to follow defendant’s argument in this respect, the judge declared that:
 

 “The controversy here does not, involve an ‘exemption’ from taxation of the property described. If it did, there would be no argument about the matter, because Article X, Section 4 of the Constitution of 1921, as amended, provides:
 

 “ ‘The following property, and no other, shall be exempt from taxation;’
 

 “Then follows a detailed list of all property that is exempt. An examination of the list discloses that no mention is made of drilling machinery, boilers and equipment attached to and used in the operation of an oil and gas lease.”
 

 In finding with defendant, the judge held that under the tax laws of the State, a corporeal movable subject to taxation could not become attached to and form part of an incorporeal immovable not subject to taxation in such a way as to make the corporeal movable an incorporeal immovable and not subject to taxation.
 

 While not in disagreement with the finding of the judge on which he bases his decision in fpvor of the defendant, we are unable to agree with his finding that the controversy here does not involve a claim of exemption from taxation. It is true that the word “exemption” is not expressly used in section 21 of Article 10 while it is expressly used in section 4 of Article 10 of the Constitution. Nevertheless, the effect of section 21 is to grant an immunity, or in other words, to exempt from both taxes and licenses oil, gas or sulphur leases or rights. This is clear because an exemption implies a release from some burden, duty or obligation. Maine Water Company v. City of Waterville, 93 Me. 586, 45 A. 830, 49 L.R.A. 294. Hence, property which is relieved from the burden of taxation is exempt therefrom within the meaning of constitutional provisions or statutes authorizing the imposition of taxes on other property.
 

 In construing a constitutional provision, it is the duty of the court to have recourse to the whole instrument, if necessary, to ascertain the true intent and meaning of any particular provision, and if there is an apparent repugnancy between different provisions, the court should harmonize them if possible. The rules of construction of constitutional law require that two sections be so construed, if possible, as not to create a repugnancy, but that both be allowed to stand, and that effect be given to each. 11 Am.Jur., Constitutional Law, § 53, pp. 661, 662.
 

 Distinct provisions of the constitution are repugnant to each other only when they relate to the same subject, are adopted for the same purposes, and can not. be enforced without material and substantial
 
 *819
 
 conflict. State ex rel. West v. Butler, 70 Fla. 102, 69 So. 771.
 

 There is no repugnancy between section 21 of Article 10 and section 4 of Article 10 of the Constitution, and both sections may be enforced without material and substantial conflict. Both sections are of equal dignity and neither should be so construed as to nullify or substantially impair the other. When the sections are construed together, it is apparent that the exemption provided by section 21 merely gives an additional exemption from taxation to the exemption provided by section 4.
 

 The Legislature may impose a tax on any property unless restrained by some prohibitory clause in the Constitution. It is clear, therefore, that if it were not for the provision of section 21 of Article 10 of the Constitution, the power of the Legislature to levy a tax on the property relieved from taxation by the section could not be questioned. The fact that the framers of the Constitution deemed it necessary to prohibit the Legislature from levying, in addition to the severance tax, a tax upon mineral leases or rights, presupposes a tax liability upon that class of property were it not for the immunity granted by the Constitution.
 

 The words and form used in granting the exemption are not important for if, in their essence, they create an exemption, or the equivalent of an exemption, the immunity from tax liability necessarily follows. Hibernia Nat. Bank v. Louisiana Tax Commission, 195 La. 43, 196 So. 15.
 

 Since the object of plaintiff’s suit is to secure an exemption from taxation, the exemption must be clearly established.
 

 It is the uniform and settled jurisprudence of this and other states that an exemption from taxation being an exceptional privilege, it must be clearly, unequivocally and affirmatively established. Hibernia Nat. Bank v. Louisiana Tax Commission, 195 La. 43, 196 So. 15; Standard Oil Co. v. Fontenot, 198 La. 644, 4 So. 2d 634; State v. Pittsburg Testing Lab. Corporation, 203 La. 147, 13 So.2d 710.
 

 Section 21 of Article 10 of the Constitution does not lend itself to the construction contended for by plaintiff. In clear and unequivocal language it provides that in view of the severance taxes that may be imposed on natural resources severed from the soil or water, no tax or license shall be levied or imposed upon oil, gas or sulphur leases or rights. If the framers of the Constitution had intended that this exemption or immunity should extend to and include corporeal movable property that the lessee owns and uses in the exercise of his right to explore for and produce oil or gas under his lease, they could have easily and simply achieved that result by the addition of the proper words. The failure of the framers of the Constitution to add those words to the constitutional provision could not have been a mere oversight, because if they had done so, it would have relieved from taxation property assessed at many millions of dollars, with the consequent loss to the State of a
 
 *821
 
 revenue amounting to several hundred thousand dollars annually.
 

 No attempt has been made by the authorities of Caddo Parish to levy and collect an ad valorem tax on plaintiff’s oil or gas leases or rights. All that they have done, or attempted to do, following the instructions of the Louisiana Tax Commission, is to levy and attempt to collect a tax on the piping, tubing, gathering lines, derricks, pumps and other equipment used by plaintiff in operating his gas wells.
 

 Since this property does not fall within the exemption provided by section 21 of Article 10 of the Constitution, it necessarily follows that the assessment was legal and that the taxes based thereon are valid.
 

 For the reasons assigned, the judgment appealed from is affirmed.