194 So.2d 726

**SUCCESSION of Grace Christina BARR.**

No. 48169.

Nov. 7, 1966.

Rehearing Denied Dec. 12, 1966.

Oliver P. Stockwell, Charles D. Viccellio, Stockwell, St. Dizier, Sievert & Viccellio, Lake Charles, for appellant.

Jack Rogers, Lake Charles, for appellee.

HAWTHORNE, Justice.

The sole question presented by this appeal is whether Article 10, Section 21, of the Louisiana Constitution of 1921 exempts from the Louisiana state inheritance tax the value of mineral and royalty rights which are separate from the fee.

In the Succession of Grace Christina Barr there were inventoried, among other things, certain mineral and royalty interests which were separate and apart from the fee. In the proceedings in the district court the testamentary executrix, Mrs. Alice Barr

Smith, who was also the universal legatee, took the position that the value of these mineral and royalty interests should not be computed in determining the state inheritance tax. The court below ruled adversely to her contention, and she has appealed.

The state inheritance tax is levied under R.S. 47:2401 et seq., pursuant to Article 10, Section 7, of our Constitution. Article 10, Section 21, of the Constitution authorizes the levy of a tax on natural resources severed from the soil or water, and it is a provision of the second paragraph of Section 21 which appellant contends exempts her from the payment of state inheritance taxes on the value of the mineral and royalty rights inventoried in the succession. This provision upon which she relies reads:

"No further or additional tax or license shall be levied or imposed upon oil, gas or sulphur leases or right, nor shall any additional value be added to the assessment of land, by reason of the presence of oil, gas or sulphur therein or their production therefrom. * * *"

This constitutional provision prohibits the levying of any "additional tax or license" upon oil, gas, and sulphur leases or right, and the question for decision is whether an inheritance tax computed on the value of mineral and royalty interests falls within this prohibition. The nature of the inheritance tax levied by R.S. 47:-

2401 et seq. is material to our determination of this question.

At the time of the Constitutional Convention of 1921 Mr. Edward Rightor, a distinguished member of the Louisiana bar, who was substituting as speaker for Judge Winston Overton, a member of the Constitutional Convention, delivered an address at the 1921 meeting of the Louisiana Bar Association on the inheritance tax law of Louisiana.[1] Mr. Rightor said regarding the nature of the inheritance tax:

"The right of a dead man to give his property by will and of his heirs to have it thus, or by intestacy, is not a natural right, but one which the State gives by statute law. Louisiana could say tomorrow, through its legislative power, that on the death of its citizens their entire property within its borders shall revert to the State, or that it shall not go to the heirs but shall belong to the first possessor. In order to prevent, what Blackstone calls 'the robust title of possession,' it has provided by statute who shall take the dead man's lands and goods. When it, therefore, sees fit to ordain that a certain percentage of the dead man's property shall revert to the State in the form of an inheritance tax, it has done no more than made itself an heir by statute to the extent of the tax. Hence the Courts have held that an inheritance tax levied by a sovereign State is not a tax at all, and is not subject to the equality and uniformity

1. This address is printed in 3 Loyola L. Jour. 14 (1921–22).

clause contained in most State Constitutions, or the technical entanglements that embarass most methods of taxation.

"But the Federal Government has not the power to institute itself an heir for the smallest fraction of any of its dead citizen's lands or goods. Therefore, the basis of its power to levy inheritance taxes must be found elsewhere. Its entire power to levy taxes is contained in the Article of the Federal Constitution that provides:

" 'Congress shall have the power to levy and collect taxes, duties, imposts and excises,' and the Courts have found that the Federal Government can impose inheritance taxes under its power to levy excises, holding that tax laws of this nature rest in their essence upon the principle that death is the generating source from which this particular taxing power takes its being, and that it is the power to transmit or the transmission from the dead to the living on which such taxes are more immediately vested.

"The Federal tax is, therefore, a tax and is unlike the State tax, which is not a tax at all. * * *"

We must assume that the drafters of the Constitution of 1921 were well aware of what was known by the bar of this state—that is, that historically the inheritance tax has not been regarded as an exercise of the taxing power of a state. This court in 1905 recognized this nature of the inheritance tax in Succession of Kohn, 115 La. 71, 38 So. 898, saying:

" * * * From our point of view, the exemption of shares from general taxation would not avail against the inheritance tax, which is not a tax proper, but a bonus or premium exacted by the sovereign on the transmission of an estate; the amount being measured by the value of the property. In its very nature, it is a privilege or franchise tax, and is not affected by the nature or character of the property transmitted. * * *"

In the above case the court, after correctly and properly recognizing that the inheritance tax is not a tax proper, erroneously in our opinion placed it in the category of a tax when it went on to say that the tax was in its nature a privilege or franchise tax. It would have been more correct to say that it was in its nature a death duty on the privilege of inheriting.

It is well recognized by courts of our sister states that the inheritance tax, strictly speaking, is not a tax at all, but is a premium or bonus exacted by the sovereign on the right or privilege of inheritance or transmission of an estate. For example, in Corbin v. Baldwin, 92 Conn. 99, 101 A. 834, it was stated:

" * * * the well-established law of this jurisdiction, [is] that so-called inheritance or succession taxes are not taxes laid upon either persons or property, or, strictly speaking, taxes at all, but rather death duties, levied as exactions of the state in the course of the settlement of estates, as an incident

to the devolution of title by force of its laws. * * *"

In State ex rel. McClintock v. Guinotte, 275 Mo. 298, 204 S.W. 806, the court said:

"* * * The right to inherit property is not a natural right, but a right conferred by the laws of the sovereign. It is not a constitutional right in our state. The sovereign may grant or withhold the right. The sovereign, having the full power to withhold the right, may grant the right upon any conditions which it sees proper to impose, provided the conditions so imposed do not contravene constitutional provisions.

"* * * this right of the state to foreclose absolutely, or partially, the right to inherit by law or will, is not strictly the exercise of the taxing power of the state, but the exercise of that other power of the state, which is inherent in its sovereignty, which allows the state * * * to say what shall be done with the property owned by the citizen at the time of his death. * *

"On the theory that the law is not the exercise of the taxing power, but of another and different sovereign power, the divers and sundry constitutional provisions as to taxation disappear from the case. This for the reason that these constitutional provisions are but limitations upon the exercise of the taxing power, and none other. * * *"

See also In re Tack's Estate, 325 Pa. 545, 191 A. 155; Culliton v. Chase, 174 Wash. 363, 25 P.2d 81.

Appellant in the instant case points out that this court has spoken of the inheritance tax as an excise tax on the right of inheritance (see Gulf Refining Co. v. McFarland, 154 La. 251, 97 So. 433; Id., 264 U.S. 573, 44 S.Ct. 402, 68 L.Ed. 856; Bel Oil Corporation v. Roland, 242 La. 498, 137 So.2d 308), and that in the case of Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111, it was said that "excise", "license", and "privilege" taxes are synonymous to the extent they are all indirect taxes, and these terms are used interchangeably. On the basis of these authorities appellant says that since the inheritance tax is an excise tax and an excise tax is synonymous with a license tax, mineral and royalty interests are therefore exempt from the inheritance tax under the provision of the Constitution (Article 10, Section 21) that "No further or additional tax or license" shall be levied or imposed upon this type of property.

It is not conclusive that the premium or bonus exacted by the State under its sovereign power for the right of transmitting or privilege of inheriting property is called and termed a "tax" in the Constitution, statutes, and jurisprudence of this state, for this does not make that premium or bonus actually a tax if in its nature it is not a tax. The rule applicable here is given in 84 C.J.S. Taxation § 1, at p. 34, as follows:

"* * * The question whether a particular contribution, charge, or burden is to

be regarded as a tax depends on its real nature, and, if it is in its nature a tax, it is not material that it may be called by a different name; and, conversely, if it is not in its nature a tax, it is not material that it may have been so called."

After a full consideration of the nature of the inheritance tax we are unable to conclude that the constitutional prohibition that "No further or additional tax or license shall be levied or imposed upon oil, gas or sulphur leases or right" was intended to include the Louisiana inheritance tax.

The burden is on appellant to establish clearly and affirmatively the exemption from taxation which she here claims, for, as said in Meyers v. Flournoy, 209 La. 812, 25 So.2d 601, "It is the uniform and settled jurisprudence of this and other states that an exemption from taxation being an .exceptional privilege, it must be clearly, unequivocally and affirmatively established. Hibernia Nat. Bank v. Louisiana Tax Commission, 195 La. 43, 196 So. 15; Standard Oil Co. v. Fontenot, 198 La. 644, 4 So.2d 634, [643]; State v. Pittsburg Testing Lab. Corporation, 203 La. 147, 13 So.2d 710". Appellant has not discharged that burden.

Accordingly the judgment appealed from is affirmed, appellant to pay all costs.

McCALEB, J., concurs with written reasons.

SUMMERS, J., concurs and will assign reasons.

FOURNET, C. J., concurs in the decree.

McCALEB, Justice (concurring).

It matters not in my opinion whether the State inheritance tax be regarded as a tax or a death duty. In either case it is an excise or charge on the right to inherit and, as such, cannot come within the exemption pertaining to mineral rights contained in Section 21 of Article 10 of our Constitution. The levy herein is not a tax imposed on the mineral or royalty interests; it is an assessment against the heir on the privilege of inheritance measured by the net value of the property transferred.

However, I do not subscribe to the holding that the levy herein is not a tax, albeit there are cases from a few other jurisdictions which describe it as an "impost" or an "exaction". See 85 C.J.S. Taxation § 1111, p. 847. Yet the same authority, citing cases, declares the view is generally taken that the "exaction" is a tax and that a law imposing it is a tax statute. Since such exaction has been regarded as a tax by the framers of our Constitutions (see Articles 235 and 236 of the Constitutions of 1898 and 1913 and Section 7 of Article 10 of the Constitution of 1921) and the unanimous jurisprudence of this court, it is rather late in the day for us to discover that the tax on inheritances is not really a tax at all.

I respectfully concur.

SUMMERS, Justice (concurring).

I concur in the results reached in this case for the reasons assigned by Justice McCaleb.

Rehearing denied.

Hawthorne, J., is of the opinion that a rehearing should be granted.