LEMMON, Judge.
On application of Shell Oil Company, we granted a writ of certiorari to ascertain the validity of a judgment maintaining an exception of improper use of summary proceedings.
On August 3, 1970 Shell, as owner of certain immovable property on Veterans Highway in Jefferson Parish, entered into a written agreement entitled “Dealer Lease” with Thomas L. Moore, d/b/a Veterans Shell Service. The agreement provided for a term of approximately three years and for rent based on gallons of motor vehicle fuel delivered to the premises, with a fixed minimumrental price. Among other things the agreement also provided that the station be kept open on a 24 hours per day basis.
Alleging that Moore had breached the agreement by failing to keep the premises open 24 hours per day, Shell notified Moore that the lease would be terminated *178 if the default was not remedied by a certain date. Shell subsequently gave Moore written notice to vacate the premises. When Moore declined to comply with the notice, Shell filed a petition for possession of the premises, and a rule nisi was set ten days from the date of the order. The district court maintained the dilatory exception of unauthorized use of summary proceedings and dismissed the petition and rule.
In support of his exception Moore cites C.C.P. art. 2592 which provides that summary proceeding may be used only when specifically provided by law. He points out that two agreements were entered into simultaneously between the parties, the second entitled a “Dealer Agreement”. It was stipulated for purposes of the exception that whenever Shell leases a service station which it owns, the operator is required to execute both a Dealer Agreement and a Dealer Lease.
Moore therefore contends that the interrelated agreements must be considered as comprising one contract. Because the contract contains unusual and unreasonable obligations such as the 24 hour provision, he argues that it is not legally a lease, but rather a contract of dealership, and that the primary consideration for the contract is not the payment of rent, but rather the dealership. Moore therefore claims to be in possession of the property by virtue of the dealership rather than as lessee.
When we consider the document entitled Dealer Lease, either separately or together with the Dealer Agreement, we believe that a prima facie showing has been made of the essential elements of a lease required by C.C. art. 2670, namely the thing, the price and the consent. Although an obligation to operate business premises on a 24 hours per day basis is not a provision ordinarily found in leases, such an obligation is not immoral or contrary to public policy.[1] See C.C. art. 11. The inclusion of a provision relating to dealership requirements does not by itself change the contract of lease to another type of contract, nor does it affect the procedural remedies applicable to a contract of lease.
We specifically do not pass upon the vol-untariness of the consent or any other grounds for attack upon the validity of any provision of the lease. These considerations are properly reserved for a trial on the merits.
We conclude that Moore is in possession of the subject premises by virtue of a contract of lease and thereby occupies the status of a lessor or tenant. C.C. art. 2677. When the lessee’s right of occupancy has ceased because of the termination of the lease for any reason, the lessor is afforded the use of summary proceedings to obtain possession of the premises. See C.C.P. art. 4701 et seq. In these summary proceedings the lessor must prove that the lease was validly terminated, and the lessee may assert any available defenses.
It would be unreasonable to adopt the argument advanced in this case that Shell should first prove its right to terminate the agreement in an ordinary proceedings, for this would compel Shell to use ordinary proceedings to obtain entitlement to eviction by summary proceedings.
In this particular case Moore is not being deprived of any defenses, but is simply being required to assert these defenses at an advanced trial date. This disadvantage to a lessee, and the resulting loss of the right to trial by jury or to discovery over a protracted period of time, arises from the legislative recognition of the overriding need for dispatch because of the peculiar nature of a contract of lease. The legislative authorization of the use of *179 summary proceedings in this type of action is not unreasonable.
Accordingly, the judgment of the trial court maintaining the dilatory exception of the unauthorized use of summary proceedings is reversed and the exception is overruled. The case is remanded to the trial court for further summary proceedings. Assessment of costs will await the final determination of the cause.
Reversed and remanded.

. In a contract where the rental price is based on the amount of products sold, a provision regulating hours of operation would appear to be calculated to obtain the maximum amount of products sold and to correspondingly produce maximum rental payments.