CARTER, Judge.
These consolidated suits arise out of a written lease with an option to purchase agreement.
FACTS
On December 30, 1981, E. Clarendon Jordan (Jordan)' entered into a written lease with option to purchase certain immovable property located at 542 Massena Street in Mandeville, Louisiana, with Mr. and Mrs. Joseph G. Fernon, III (Fernon). The lease and option to purchase was for a term of thirty-six months, and the monthly rental was $328.23 ($253.23 payable to American Bank, first mortgagee of the property, and $75.00 payable to the Fernons), together .with one-twelfth (½2⅛) of the state and parish ad valorem taxes and premiums for fire, extended coverage, and liability insurance. Under the provisions of an addendum to the lease and option to purchase, lessors were obligated to pay the second mortgage on the property held by Citicorp.
On March 3, 1982, Joseph G. Fernon, III filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in an action entitled “In Re: Joseph G. Fernon,” number BK82-00195, in the United States Bankruptcy Court for the District of Rhode Island. Thereafter, the Fernons failed to make the payments on the second mortgage to Citicorp, and Jordan withheld the $75.00 payment to the Fernons since they failed to pay Citicorp.
In order to protect his interest in the leased property, in July of 1982 Jordan intervened in the bankruptcy proceedings to have the property declared abandoned. The property was abandoned in October of 1982. Thereafter, Jordan notified the Fer-nons and the bankruptcy trustee that he was prepared to exercise the option and purchase the property according to the terms of the agreement. The Fernons refused to comply with the agreement and would not convey the leased property to Jordan.
On September 29, 1983, the Fernons initiated summary eviction proceedings against Jordan for non-payment of rent. This evic *249 tion proceeding (docket number 1053) was filed in the Fourth Justice of the Peace Court for the Parish of St. Tammany. On September 29, 1983, the Fernons also filed an ordinary proceeding (docket number 76,-221) in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, seeking past due rent and recission of the lease with option to purchase. Thereafter, the eviction proceeding (# 1053) was transferred to the Twenty-Second Judicial District Court and designated as docket number 76,488. This matter was subsequently consolidated with the proceeding for past due rent and recission of the lease (#76,221). On October 20, 1983, the Fernons, in a motion to consolidate and rule to show cause, requested that proceeding #76,488 and proceeding #76,221 be consolidated and that Jordan show cause why he should not be ordered to vacate the leased property for non-payment of rent.
After the hearing on the rule to show cause, judgment was rendered on November 15, 1983, and signed on November 29, 1983, in favor of Jordan and against the Fernons, dismissing plaintiffs’ petitions with prejudice at their costs. From this judgment, plaintiffs appeal, assigning the following errors:
1. It was error for the District Court to allow testimony and evidence, in the nature of affirmative defenses, over the timely objection of counsel, where no answer was filed wherein defenses, affirmative or otherwise, were pled, and to thereafter consider such in rendering its judgment.
2. The District Court erred in rendering judgment and giving in its written reasons for judgment facts not in the record.
3. It was error for the District Court Judge to render judgment in favor or (sic) appellee based on equitable considerations and to dismiss appellant’s rule to evict appellee for non-payment of rent.
4. It was error for the District Court to dismiss appellants’ petition for back due rent and recission of lease with option to purchase where issue had not been joined, no exceptions or motions to dismiss had been filed, and the matter had not been set or tried on the merits.
Defendant answered the appeal contending that plaintiffs’ appeal is frivolous and without basis in law or fact and requesting damages for such frivolous appeal.
ASSIGNMENT OF ERROR NO. 1
Plaintiffs contend that the trial court erred in admitting evidence, over plaintiffs’ objection, bearing on Mr. Fernon’s personal bankruptcy proceedings and the Fernons’ failure to pay the second mortgage on the property. Plaintiffs reason that their right to possession of the leased premises was based on defendant’s non-payment of the $75.00 portion of the rent payment and that any defenses to such claim were required to be set forth in the answer, citing LSA-C. C.P. art. 1005. Plaintiffs further reason that a summary action for eviction involves the single issue of whether the lessor is entitled to possession of the leased premises, relying on Vicknair v. Watson-Pitchford, Inc., 348 So.2d 695 (La.App. 1st Cir. 1977).
However, plaintiffs’ reliance on Vicknair is misplaced. While a lessee cannot defeat his lessor’s right to summary action for eviction by injecting therein issues foreign to the one involved, nothing prohibits a lessee from defeating the lessor’s right to eviction when the lessee has a valid defense to the eviction proceeding. Clearly, when the lessee’s right of occupancy has ceased because of the termination of the lease for any reason, the lessor is afforded the use of summary proceedings to obtain possession of the premises. See LSA-C.C.P. art. 4701 et seq. In these summary proceedings, the lessor must prove that the lease was validly terminated, and the lessee may assert any available defenses. Shell Oil Company v. Moore, 257 So.2d 177 (La.App. 4th Cir.1972).
A rule to show cause is a summary proceeding, LSA-C.C.P. art. 2592(3), which obliges one only to show and not to plead cause. “An answer is not required, except *250 as otherwise provided by law.” LSA-C. C.P. 2593. It is in an “answer” that affirmative defenses are required to be pleaded. LSA-C.C.P. art. 1005. Perkins v. Perkins, 388 So.2d 475 (La.App. 2nd Cir.1980); Pledge Dev. Corp. v. Big Kahuna Enterprises, 376 So.2d 600 (La.App. 4th Cir.1979); Cookmeyer v. Cookmeyer, 354 So.2d 686 (La.App. 4th Cir.1978).
Stated another way, because an eviction proceeding is a summary proceeding which may be heard on a rule to show cause, it is clear the rule that affirmative defenses be set forth in the answer as established in LSA-C.C.P. art. 1005 is not applicable.
This assignment lacks merit.
ASSIGNMENT OF ERROR NOS. 2 & 3
In these assignments of error, plaintiffs contend that the trial judge erred in rendering judgment in favor of defendant and against plaintiffs on the issue of eviction for non-payment of rent. Plaintiffs reason that the trial court judgment is improper because there is no evidence to support it.
Under the terms of the lease, the Fernons leased to Jordan the premises at 542 Massena Street in Mandeville, Louisiana, for a monthly rental provided in the addendum to the lease. The pertinent portion of the addendum provides as follows:
A. The monthly rental stipulated on line 6 of the Lease shall be the total of the sum of $328.23 per month (payable $253.23 to American Bank on its mortgage and $75.00 to Lessor), together with one-twelfth (½2) of Lessor’s state and parish ad valorem taxes and premiums for fire and extended coverage and/or Owners, Landlord and Tenants insurance concerning the leased premises. However, Lessee at his option may elect to pay the ad valorem taxes when they become due, upon which event the monthly rental shall be adjusted. Also, Lessee at his option may provide insurance (fire and extended coverage and/or Owners, Landlord and Tenants), paying the premium directly, upon which event the monthly rent shall be adjusted.
The lease also provided that “[t]he addendum hereto and the option to purchase and/or sell made a part thereof are incorporated herein as if copied herein in exten-so.”
Paragraph D of the addendum provided as follows:
During the term of this lease Lessor shall continue to pay the second mortgage on the property held by Citicorp. A default by Lessor on this mortgage shall operate as a default of this lease and option.
In the case sub judice, plaintiffs told defendant they would not make the payments to Citicorp and thereafter failed to pay the second mortgage to Citicorp as provided in Paragraph D of the addendum to the lease. Whereupon, defendant attempted to pay the $75.00 directly to Citi-corp, and Citicorp refused to accept the payments. Defendant intervened in the bankruptcy proceedings and subsequently had the leased property declared abandoned. Defendant then attempted to exercise his option to purchase plaintiffs’ property, which was refused. Throughout this time, defendant continued to pay the first mortgage to American Bank for $253.23 but failed to pay the $75.00 to plaintiffs because the plaintiffs were in default in paying the second mortgage to Citicorp.
The trial court found that plaintiffs had breached their obligation under the lease to pay the second mortgage note to Citicorp, which justified Jordan’s withholding payment of the $75.00. In Andrew Dev. Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977), the Louisiana Supreme Court held that where a party refuses and does not merely fail or neglect to comply with his contractual obligation, his refusal constitutes an active breach of the contract which relieves the other party of the obligation of continuing to perform under the contract.
Clearly, the trial court correctly determined that defendant’s nonpayment of the $75.00 was justified by plaintiffs’ active breach of their obligation under the lease.
*251 Accordingly, these assignments lack merit.
ASSIGNMENT OF ERROR NO. 4
In this assignment of error, plaintiffs contend that the trial court erred in dismissing their claim for past due rent and recission when it dismissed their claim for eviction.
In the case sub judice, plaintiffs consolidated the two proceedings. They cannot now be heard to complain of the procedural irregularities, which resulted from their own action, simply because they failed to achieve the desired result. Additionally, because of our ruling in Assignments of Error Nos. 2 & 3 on plaintiffs claim for eviction, the same legal principles and rationale would apply to defeat plaintiffs’ claim for past due rent and recission.
This assignment lacks merit.
FRIVOLOUS APPEAL
Jordan contends that he is entitled to an award of damages for frivolous appeal pursuant to LSA-C.C.P. art. 2164. This statute is penal in nature and must be strictly construed. Salmon v. Hodges, 398 So.2d 548 (La.App. 1st Cir.1979); Jackson v. East Baton Rouge Par. Sch. Bd., 348 So.2d 739 (La.App. 1st Cir.1977). Appeals, however, are favored, and damages for frivolous appeal are not granted unless they are clearly due; e.g., when there are no serious legal questions, when it is manifest that the appeal is taken solely for the purpose of delay, or when it is evident that appellant’s counsel is not serious in advocating the view of law which he presents. Salmon v. Hughes, supra; Maxwell v. State, Dept. of Trans., Etc., 391 So.2d 1230 (La.App. 1st Cir.1980), writ denied 394 So.2d 281 (La.1980); Jenkins v. Dicon, Inc., 387 So.2d 649 (La.App. 1st Cir.1980).
In the case sub judice, defendant has not established that this appeal is frivolous. Although plaintiffs’ arguments were without merit, damages are not warranted in this case.
CONCLUSION
For the above reasons, the judgment of the trial court dismissing plaintiffs’ suit with prejudice is affirmed. Costs of this appeal are to be paid by plaintiffs.
AFFIRMED.