Dear Mr. Langlinais:
You have requested an opinion of the Attorney General regarding the applicability, vel non, of the homestead exemption granted pursuant to Article 7, Section 20(A)(1) and (2) of the 1974 Louisiana Constitution. The decedent was the owner of a tract of land with two improvements thereon. One of the residences was inhabited by the decedent and his surviving spouse and the other was used as an office for business purposes by the decedent. Subsequent to decedent's death, the office was converted into a residence which is currently being occupied by an adult child. While the residence occupied by the surviving spouse has historically received the benefit of the homestead exemption, the office/residence currently being occupied by the adult child has never received the benefit of said exemption. The succession has yet to be opened.
You specifically ask whether the improvement being occupied by the adult child is eligible for the homestead exemption.
Before addressing your specific inquiry, we must advise that the determination of whether property is subject to homestead exemption is a factual determination which is the responsibility of the various tax assessors, subject to review by the Louisiana Tax Commission and, ultimately, the courts. La Const. VII, Sec. 18 (1974) and R.S. 47:1952.
Every claim for homestead exemption must be determined according to the particular facts and circumstances surrounding the application. In Meyers v. Flournoy, 209 La. 812,25 So.2d 601(La. 1946), the Supreme Court observed that:
 "It is the uniform and settled jurisprudence of this and other states that an exemption from taxation, being an exceptional privilege, must be clearly, unequivocally and affirmatively established."
Further, in Mattingly v. Vial, 193 La. 1, 190 So. 333
(La. 1939), the Court observed:
 "There is no principal of interpretation more firmly and uniformly established by the jurisprudence of this and the other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption, and that any possible doubt is fatal."
Article 7, Section 20(A)(1) and (2) provide, in pertinent part, with respect to homestead exemption:
 "(1) The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation.
 (2) The homestead exemption shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either husband or wife but not to more than one homestead owned by the husband or wife." [Emphasis added.]
As previously noted, the homestead exemption currently extends to the residence being occupied by the surviving spouse. The Constitution limits to one the homestead owned by the husband or wife. Consequently, the converted home also owned by the husband or wife and occupied by the adult child would not qualify for a second homestead exemption.
We trust that the information presented hereinabove will assist you in making your determination of eligibility for homestead exemption and the issue at hand.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla Enclosures
Date Received: Date Released:
Robert E. Harroun, III Assistant Attorney General