I, CHARLES R. JONES, Judge.
Appellant, Family Dollar Stores of Louisiana, Inc. (hereinafter “Family Dollar”), appeals the judgment of the district court ordering the rule for eviction filed against Family Dollar be made absolute, and canceling the lease executed between Family Dollar and Sizeler Real Estate Management Company, Inc. We affirm the judgment of the district court.
In 1993, Sizeler Real Estate Management Co., Inc. (hereinafter “Sizeler”) as landlord/lessor, executed a written lease agreement with Family Dollar as tenant/lessee. The lease pertained to a portion of a strip mall located in St. Bernard Parish in which Family Dollar operated one of its stores. The lease at issue contains the following provisions regarding Family Dollar’s obligations to pay its pro-rata share of taxes and insurance:
11. INSURANCE....'
(f) Tenant shall reimburse Landlords for Tenant’s pro rata share of any increase in premiums for fire and extended coverage insurance on the buildings comprising the shopping center, over and above such premiums paid during the calendar year 1993. Tenant’s pro rata share shall be based on the same ratio as applicable to the payment due by tenant for increased real estate taxes as provided in Paragraph 13 of this lease. Landlords shall, within 60 days after payment, provide Tenant with a copy of the paid insurance premium bill applicable to the shopping center, together with a computation of Tenant’s |gpro rata share of any increase over the premium paid in 1993, and Tenant shall pay any amount so due within 30 days of its receipt of Landlords’ request for payment.
*613 * * *
13. LANDLORD TO PAY TAXES, ETC. The Landlords shall pay all taxes, assessments and other charges which may be levied, assessed or charged against the demised premises.... The Tenant shall reimburse Landlords for any increase in real estate taxes on the demised premised over and above such taxes for the year 1993....
Landlords agree to notify Tenant in writing within twenty (20) days after receipt by Landlords of notification of any planned increase in real estate taxes. Tenant shall have the right to contest, by appropriate proceedings, in Landlords’ or Tenant’s name, the validity or amount of any such increase. Landlords agree to cooperate with Tenant in contesting any such increase. If Landlords fail to give such written notice to Tenant' within such twenty (20) day period, then Tenant shall not be responsible for the reimbursement to Landlords of such increase.
... [T]he increase in real estate taxes on the demised premises shall be determined by multiplying the total increase in real estate taxes on the shopping center property by the proportion which the square footage of the building constituting part of the demised premises bears to the total square footage of all buildings in the shopping center, including the demised premises. Landlords shall provide Tenant with a copy of the tax billing with evidence of Landlords’ payment for each year beginning with 1993 and any other necessary information Tenant may require. In no event shall Tenant be responsible to reimburse Landlords for any increased real estate taxes unless Tenant has received the tax billing with evidence of payment thereof and written request for reimbursement from Landlords within one hundred twenty (120) days after the date the Landlords paid such taxes.
A fire subsequently destroyed the Family Dollar store in December 2000 and by the terms of the lease, Family Dollar’s obligation to pay rent abated, but its obligation to continue to pay its pro rata portion of taxes and insurance on the property was not abated.
|ROn March 28, 2001, Sizeler billed Family Dollar for its pro rata portion of taxes and insurance for the year 2000. Family Dollar failed to pay and Sizeler sent written demand of payment to Family Dollar on May 16 and May 22, 2001. Family Dollar still failed to pay.
On June 26, 2001, Sizeler sent a letter notifying Family Dollar that it was terminating the lease because of Family Dollar’s failure to pay the 2000 taxes and insurance expenses within the time allotted under the lease. Family Dollar attempted to tender a check dated June 27, 2001 for a portion of the amount Sizeler claimed. Because Family Dollar failed to remit the payment for taxes and insurance within thirty days after receiving Sizeler’s notification, Sizeler filed a rule for eviction in the district court on July 10, 2001.
In response, Family Dollar filed an exception of unauthorized use of summary proceedings. Following a hearing, the district court rendered judgment denying Family Dollar’s exception, ordering that Sizeler’s rule for eviction be made absolute, and canceling the lease between the parties.
We find one relevant assignment of error as to Family Dollar whereby it argues that Sizeler cannot use summary proceedings for eviction because Sizeler’s action is *614 actually one to rescind a contract (the lease) due to an alleged breach, an action that should be brought by ordinary proceedings. Family Dollar further contends that possession of the premises is the only matter properly determined at a rule for eviction, and that such possession is not at issue in this case because the subject premises were destroyed.
Contrary to these arguments, we find that summary proceedings are entirely appropriate in this case. In Shell Oil v. Moore, 257 So.2d 177 (La.App. 4th Cir. 1972) and Pendleton v. Shell Oil Co., 399 So.2d 1276 (La.App. 4th Cir.1981), reversed on other grounds, 408 So.2d 1341 (La.1982), this Court noted that:
I ¿When the lessee’s right of occupancy has ceased because of the termination of the lease for any reason, the lessor is afforded the use of summary proceedings to obtain possession of the premises. See C.C.P. art. 4701 et seq. In these summary proceedings the lessor must prove that the lease was validly terminated, and the lessee may assert any available defenses.
It would be unreasonable to adopt the argument advanced in this case that Shell should first prove its right to terminate the agreement in an ordinary proceedings, for this would compel Shell to use ordinary proceedings to obtain entitlement to eviction by summary proceedings.
Termination or continued existence of a lease is triable in a summary proceeding to evict a lessee. Clark v. Clark, 377 So.2d 544 (La.App. 3rd Cir.1979). Family Dollar’s arguments are unsupported in law. The fortuitous event of the destruction of the leased premises does not eliminate Family Dollar’s right to possess the premises, and the record establishes that Family Dollar intended to continue possession of the premises. Therefore, possession was at issue in this eviction proceeding.
The eviction action seeking cancellation of a lease and possession of premises on the basis that Sizeler failed to do what was required under the lease was appropriately brought as a summary proceeding. Therefore, the district court properly denied Family Dollar’s exception of unauthorized use of summary proceedings.
Guided by the manifest error standard of review, we find a reasonable factual basis in the record for the district court’s decision to render a judgment of eviction and cancel the lease between the parties. The evidence presented to the district court supported the finding that Family Dollar defaulted in certain obligations under the lease and a summary proceeding was appropriate.
I sDECREE
For the reasons stated herein, we affirm the judgment of the district court finding Family Dollar’s rule for eviction absolute and canceling the lease executed between the them and Sizeler.

AFFIRMED.