Dear Ms LaFleur:
You have requested a clarification of a recent opinion of this Office regarding the constitutionality of the Louisiana Tax Commission's (LTC) creation of exemptions for down-hole oil and gas exploration and production equipment from ad valorem taxation. In that opinion, La. Atty. Gen. Op. No. 06-0330, which we are confident is a correct statement of the law on the specific question presented, we noted that,
 [w]e find no support in the Louisiana Constitution for creating exemptions from ad valorem taxation for corporeal property used in connection with the exploration for or production of oil and gas in Louisiana.
However, it has become apparent that our interpretation of the direct question is being incorrectly applied. It is apparent that our opinion is being used to address questions of the valuation of down-hole property rather than for the requested issue regarding the LTC's authority to grant certain ad valorem exemptions. The current opinion is issued as clarification of the original opinion in order that no ambiguity of the latter's meaning should exist.
In our recent opinion, we were not asked to address, nor did we unilaterally undertake to address, issues of valuation. Louisiana Attorney General Opinion No. 06-0330 stands for one very simple and specific premise: That the LTC cannot create exemptions from ad valorem
taxation for down-hole exploration and production equipment. That is all. Any extension of this conclusion would be to go beyond the scope of the request and beyond the scope of the opinion itself.
Because it has become apparent that La. Atty. Gen. Op. No. 06-0330 is being used to pass judgment on the validity of valuation matters, we here review the authority of the LTC to employ various valuation methods. There is no question *Page 2 
that the down-hole subsurface oil and gas exploration and production equipment is subject to ad valorem taxation. La. Atty. Gen. Op. No. 06-0330. The issue then is how to determine the fair market value of this property for the purposes of ad valorem taxation. The law does not provide for valuation based on any particular valuation scheme. In the absence of such a requirement, this Office cannot find that any scheme adopted by the LTC, so long as it adheres to the legal requirements of the Louisiana Constitution that ad valorem assessments be based on fair market value of the property that is being taxed, to be inconsistent with the law. See, La. Const. Art. VII, Sec. 18. The LTC is the expert in this matter and this Office does not intend to supplant that agency's decisions, which have resulted from numerous public hearings and expert studies, with unfounded proposals about how property should be valued absent a clear violation of the law. There is no such violation here.
We hope this sufficiently clarifies our previous opinion and assists in further elucidating the original opinion request. However if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY"
 CALDWELL ATTORNEY GENERAL
 By:
 RYAN M. SEIDEMANN
 Assistant Attorney General
 JDC/RMS/tp *Page 1 
 ATTACHMENT
4 ASSESSORS
65 MINES MINERALS
119 TAXATION — Exemptions
We find no support in the Louisiana Constitution for creating exemptions from ad valorem taxation for corporeal property used in connection with the exploration for or production of oil and gas in Louisiana.
Honorable Gene P. Bonvillain Assessor, Parish of Terrebonne P.O. Box 5094 Houma, LA 70361
Dear Mr. Bonvillain:
We are in receipt of your request for an Attorney General's opinion on the validity of certain tax exemptions currently permitted by the Louisiana Tax Commission (LTC). Specifically, you note that the LTC presently provides an ad valorem tax exemption of 60% on the drilling and completion costs of oil and gas wells in Louisiana. You have asked this Office to opine regarding the validity of a State agency permitting such an exemption, especially with respect to down-hole well property, seemingly in contravention of provisions of the Louisiana Constitution and the Louisiana Revised Statutes.
The matter of corporeal property that is associated with oil and gas well drilling, exploration, and production activities and how that property should be taxed has been comprehensively reviewed by the Louisiana Supreme Court in the case of Meyers v. Flournoy, 25 So.2d 601
(La. 1946). This case, though now somewhat old and predating the 1974 Louisiana Constitution, still stands as good law and is still relevant to the new Constitution, as the pertinent portions were unchanged by the revisions.
In Meyers, the Court unequivocally stated that only the Louisiana Constitution could provide the basis for tax exemptions. Id. at 603. Indeed, the Constitution has provided that, with respect to oil and gas, the Legislature may only impose severance taxes and that such minerals will not be subject to ad valorem taxes.[1] However, the Constitution is silent on the matter of exemptions from ad valorem taxation when it comes to the equipment and facilities necessary to extract minerals from the ground. As noted by the Court in Meyers, "[s]ince the object of plaintiff's suit is to secure an exemption from taxation, the exemption must be clearly established." Id. It is our opinion that there is no evidence that such an exemption is established, clearly or ambiguously, in the Louisiana Constitution.
This opinion is supported by the following excerpt from Meyers: *Page 2 
 In clear and unequivocal language [the Constitution] provides that in view of the severance taxes that may be imposed on natural resources severed from the soil or water, no tax or license shall be levied or imposed upon oil, gas or sulphur leases or rights. If the framers of the Constitution had intended that this exemption or immunity should extend to and include corporeal movable property that the lessee owns and uses in the exercise of his right to explore for and produce oil and gas under his lease, they could have easily and simply achieved that result by the addition of the proper words.
Id. at 603-604. It is important to note that, despite this invitation by the Court in the 1940s for the Constitutional framers to add corporeal property associated with oil and gas operations to a list of exemptions from ad valorem taxation, no such addition was made in the 1974 draft of the Louisiana Constitution. Such an avoidance by the 1974 drafters, in our opinion, evidences a clear intent that such property should continue to be subject to ad valorem taxation.
Another important note comes from the LTC itself. The LTC's own publication, Real/Personal Property Rules and Regulations (hereafter "LTCManual"), notes, in Section 103, which types of property are exempt from ad valorem taxation under the Louisiana Constitution. In introducing the list of exempt property, the LTC notes that, "the following property andno other shall be exempt from ad valorem taxation." Id. (emphasis added). There is no authorization, according to the LTC listing of exempt property, from the Louisiana Constitution, to exempt corporeal property used in oil and gas exploration and extraction processes from ad valorem
taxation.
More specifically to the subject matter of your request, the LTCManual clearly notes that down hole property is taxable with the following language. "The well includes all of the equipment and any other taxable property located below the well head, as well as the casing head, well head and/or xmas tree." Id. at Sec. 901(B)(1). It is thus the opinion of this Office that, LTC's recognition, through its own publication, that corporeal property associated with oil and gas activities is subject to ad valorem taxation is correct and is consistent with the holding in Meyers, supra.
One matter that is not clear in your request is whether the corporeal property at issue is owned or leased by the operator of the oil and gas activities. This is an important distinction in terms of who should be responsible for paying the ad valorem taxes on such equipment. Due to the sizeable expense of much oil and gas activities, many exploration firms do not own all of their own equipment. Rather, they often lease equipment on an as-needed basis.[2] According to the LTC Manual, it is the lessor rather than the lessee who is responsible for paying *Page 3 
the taxes on leased property. Id. at Sec. 2101(A). Such a scenario is logical, as it would seem duplicative to demand taxes from both lessor and lessee and it would make no sense to require a lessee to pay taxes on a thing that it does not own.[3]
In summary, we find no support in the Louisiana Constitution for creating exemptions from ad valorem taxation for corporeal property used in connection with the exploration for or production of oil and gas in Louisiana. The assessment of such taxes is consistent with the Constitution in that it is not a new levy on the minerals themselves, which would be in violation of the law regarding severance taxes, but rather on the equipment used to obtain those minerals. It is our opinion that, without a clearly enumerated constitutional exemption (of which none exists), the corporeal property that is the subject of your request must be susceptible of ad valorem taxation.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________ RYAN M. SEIDEMANN Assistant Attorney Generall
 CCF, Jr./RMS/tp
[1] See also, Bel Oil Corp., et al. v. Fontenot, 117 So.2d 571 (La. 1960).
[2] One example of this activity is the subject of Gulf Coast RentalTool Service, Inc., v. Collector of Revenue, 98 So.2d 704 (La.App. 1 Cir. 1957).
[3] The convention is that the owner of property is the proper party to pay the taxes on that property. This is supported by the litany of cases that deal with lease agreements shifting that traditional burden to the lessees. See e.g. the leases discussed in The Board of Directors of theIndustrial Development Board of the City of Gonzales, Louisiana, Inc. v.All Taxpayers, Property Owners, Citizens of the City of Gonzales,938 So.2d 11, 25, 2005-2298 (La. 9/6/06); Quinn Properties, Inc. v.Sabine River Realty, Inc., 676 So.2d 639, 640, 95-1714 (La.App. 3 Cir. 5/29/96); Femon v. Jordan, 472 So.2d 247, 250 (La.App. 1 Cir. 1985).