SHORTESS, Judge.
Bill G. Boyd (plaintiff) brings this appeal pursuant to the Louisiana Administrative Procedure Act, more specifically LSA-R.S. 49:964.
Plaintiff was censured following a complaint made to the Louisiana Real Estate Commission (Commission) after an investigation and then a public hearing held January 25, 1989. Plaintiff was notified of the disciplinary proceedings by letter dated December 13, 1988, which was accompanied by a copy of the complaint, which specifically alleged violations of LSA-R.S. 37:1455(A)(18), which prohibited misrepresentation, terms, and LSA-R.S. 37:1455(A)(38), which in catch-all language prohibited “fraudulent, dishonest or [misleading]” conduct.[1]
Following the hearing, the Commission, by unanimous motion, found plaintiff guilty under LSA-R.S. 37:1455(A)(18) and (38). Thereupon, Commissioner John Rea stated that “[t]he next phase is to consider a penalty, which will be censure, suspension or revocation,” and called for a motion upon one of three. Commissioner Val Lowery then made a motion for a penalty of censure and a six-month probationary period. Counsel for the Commission interrupted the proceedings with the following comment:
“Let me interrupt your motion before you get a second on it. Gentlemen, we’ve run into this before. The censure is not available at the present time under LSA-R.S. 37:1456.
The options are suspension or revocation, either one, and it shall be done in one of those two categories. So, censure is not available to Mr. Boyd since he’s been found guilty under LSA-R.S. 37:1455.”
(Emphasis added.)
Plaintiff sought review in the district court asserting, inter alia, that the Decem *306 ber 13, 1988, notification apprised him of exposure only to the discretionary sanctions in LSA-R.S. 37:1455, which allows censure, suspension, or revocation, as opposed to the mandatory language of LSA-R.S. 37:1456,[2] which requires license suspension or revocation upon a finding of a violation; and, additionally, that the two statutes are entirely irreconcilable and the discretionary provisions of LSA-R.S. 37:1455, as the later enactment, should prevail.
The district court rejected this first argument but appears not to have considered the second except to state that “[although some inconsistencies might appear in the statutes, the Court does not find that Boyd was in any way prejudiced....”
Plaintiff appeals to this court pursuant to LSA-R.S. 49:965. We note at the outset that one of the grounds for reversal of an agency decision is violation of a statutory provision, LSA-R.S. 49:964(G)(1), or “other error of law,” LSA-R.S. 49:964(G)(4). While contemporaneous administrative construction of statutes administered by that agency is entitled to great weight, administrative interpretation cannot be contrary to the legislative will as expressed in those statutes, and determination of legislative intent is a judicial matter. Sales Tax District No. 1 v. Express Boat Co., 500 So.2d 364, 370 (La.1987) (“determining the Legislature’s intent is for the courts”). We agree with plaintiff that the co-existence of LSA-R.S. 37:1455 and 37:1456 was an anomaly which imposed entirely irreconcilable standards, one discretionary and the other mandatory. The anomaly was eliminated in 1989 by amendment of the latter to delete the mandatory language.
We believe the Commission erred as a matter of law in not following the discretionary standard of LSA-R.S. 37:1455 and that prejudice to plaintiff clearly resulted because discretion was never exercised as is required by the very statute which he was found to have violated. We therefore remand this matter to the Commission for re-sentencing consistent with the views expressed herein. Costs of this appeal are taxed to the Commission.
REVERSED AND REMANDED.
LOTTINGER, J., concurs and dissents with reasons.

. Both provisions were deleted following the 1989 amendments to LSA-R.S. 37:1455, see 1989 La. Acts No. 655.

. The mandatory language was deleted when LSA-R.S. 37:1456 was amended by 1989 La. Acts No. 655.