PER CURIAM.
Granted in part. As to the reconventional demand, the lower courts misconstrued Stipulation No. 32, in which the parties stipulated to the values of the oil, the gas and the condensate severed between December 1979 and September 1982 and to the amount of taxes that would be owed “if such production is held to be subject to taxation.”
The trial court misconstrued this stipulation to provide that the stipulated amounts of taxes were owed for the 1979-to-1982 period in the reconventional demand if the court found that taxes were owed in the period covered in the main demand. The court of appeal perpetuated this misconstruction by holding that the trial court found that taxes were owing for the 1979-to-1982 period. Thus, although the parties only stipulated to the amounts of taxes in the event the recon-ventional demand was meritorious, neither lower court passed on the merits of whether taxes in the stipulated amounts were actually owed for the 1979-to-1982 period.
Accordingly, we remand the matter to the court of appeal to make the determination of whether the production of oil, gas and condensate between December 1979 and September 1982 was subject to taxation. Otherwise, the application is denied.
KIMBALL, J., would grant the writ and docket.
WATSON, J., not on panel.