676 So.2d 783 (1996)
STATE of Louisiana, Ben Morrison, Secretary of Department of Revenue and Taxation
v.
EXXON CORPORATION.
No. 95 CA 2501.
Court of Appeal of Louisiana, First Circuit.
June 28, 1996.
*784 Michele M. Davis, Houma, for Plaintiffs/Appellants, State of Louisiana, Ben Morrison, Secretary of Dept. of Revenue & Taxation.
Ernest R. Eldred, Larry D. Dyess, Baton Rouge, Les A. Martin, Belle Chase, E. Kay Kirkpatrick, Baton Rouge, for Plaintiffs/Appellants.
Robert L. Roland, Baton Rouge, for Defendant/Appellee, Exxon Corporation.
Before LeBLANC, GONZALES and FOGG, JJ.
LeBLANC, Judge.
This appeal is taken from a partial summary judgment in favor of defendant, based on the trial court's conclusion that the formula provided in La.R.S. 47:305(D)(1)(h) for calculating the taxable value of refinery gas was unaffected by the legislative suspension of certain tax exemptions.[1] In rendering judgment, the trial court rejected plaintiffs' argument that La.R.S. 47:305(D)(1)(h) provides an exemption from taxation on refinery gas which was at least partially suspended by the legislature. We reverse, based on our conclusion that Exxon has failed to sustain its burden of establishing the absence of any unresolved issues of material fact.
On December 27, 1994, plaintiffs, the State of Louisiana and Ralph Slaughter[2], Secretary of the Department of Revenue and Taxation (collectively referred to as "the State"), filed suit against defendant, Exxon Corporation, for unpaid taxes, penalties and interest. The State asserted Exxon failed to pay all use taxes owed for its use of refinery gas, as *785 the exemption for refinery gas (La.R.S. 47:305(D)(1)(h)) "has been legislatively suspended and rendered inoperative and of no effect." After answering the petition, Exxon filed a motion for partial summary judgment regarding its liability for additional use taxes on refinery gas. In its motion, Exxon contended it had paid all use taxes owed because the valuation formula provided in La.R.S. 47:305(D)(1)(h) for refinery gas was unaffected by the legislative suspension of tax exemptions. In opposition, the State filed a cross motion for summary judgment. Following a hearing, the trial court rendered judgment granting partial summary judgment in favor of Exxon and denying the State's motion for summary judgment. The State appealed the granting of the partial summary judgment.[3]
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits filed, show there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Louisiana Nat. Bank v. Slaughter, 563 So.2d 445, 447 (La.App. 1st Cir.1990). The mover bears the burden of establishing the absence of genuine issues of material fact, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. In considering a motion for summary judgment, it must first be determined whether the supporting documents are sufficient to resolve all material issues of fact. If so, the opposing party may no longer rest on the mere allegations contained in his pleadings. At that point, the burden shifts to the opposing party to present evidence that a material fact is still at issue which precludes summary judgment. Louisiana Nat. Bank, 563 So.2d at 447-48; Wilson v. H.J. Wilson Co., Inc., 492 So.2d 54, 56 (La.App. 1st Cir.), writ denied, 496 So.2d 355 (1986). Appellate courts review summary judgments de novo under the same criteria which governs the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs, 591 So.2d 342, 345 (La. 1991).
A central issue in this appeal is the proper interpretation of La.R.S. 47:305(D)(1)(h). Specifically, this Court must decide whether the formula provided therein for calculating the taxable value of refinery gas constitutes a valuation based exemption if, as argued by the State, the "cost price" of refinery gas (as defined in La.R.S. 47:301(3)(a)) exceeds the formula price of refinery gas. This issue presents a question of law. See State v. BP Exploration & Oil Inc., 95-2031, p. 3 (La. App. 4th Cir. 1/31/96), 667 So.2d 1219, 1221, writ granted, 96-0716 (La. 5/17/96), 676 So.2d 99. If we conclude this provision does not grant an exemption, our inquiry ends at that point. However, in the event this Court finds a partial exemption would be created if the "cost price" exceeds the formula price, a material issue of fact arises regarding which is greater, i.e., the "cost price" or formula price of refinery gas.
Initially, we will consider the legal issue of interpreting La.R.S. 47:305(D)(1)(h). This provision, which is located in Title 47 under the section entitled "Exclusions and exemptions from the tax", provides as follows:
D. (1) [T]he use, the consumption, the distribution, and the storage to be used or consumed in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this Chapter:
* * * * * *
(h) All energy sources when used for boiler fuel except refinery gas. Refinery gas shall be subject to the tax imposed by this Chapter, and similar local taxes, provided that its value shall be fifty-two cents per thousand cubic feet multiplied by a fraction the numerator of which shall be the posted price for a barrel of West Texas Intermediate Crude Oil on December first of the preceding calendar year, and the denominator of which shall be twenty-nine dollars, and provided further that *786 such values shall be the maximum placed upon refinery gas by any local governmental subdivision or school board under any authority or grant of power to levy and collect sales or use taxes, provided that passage of this measure shall not in any manner prejudice any claim by the state, any local governmental subdivision, school board, or taxpayer to sales and use tax assessments or refund claims on refinery gas, claimed by the state, local government subdivision, school board, or taxpayer before passage of this measure.
The State argues this provision creates a valuation based exemption for refinery gas to the extent that the "cost price" of refinery gas exceeds the maximum taxable value set by the formula contained in La.R.S. 47:305(D)(1)(h). In opposition, Exxon argues that, rather than creating a tax exemption, La.R.S. 47:305(D)(1)(h) "affirmatively imposes a tax on refinery gas and sets forth the value at which it is to be taxed." It is Exxon's position that the formula included in Section 305(D)(1)(h) is merely a valuation provision for establishing the taxable value of refinery gas. Exxon further argues that, since La.R.S. 47:305(D)(1)(h) does not provide a tax exemption, the legislative suspensions relied on by the State have not affected the taxes due on the use of refinery gas.
We find merit in the State's position, agreeing that La.R.S. 47:305(D)(1)(h) would have the effect of granting a partial tax exemption for refinery gas to the extent of the difference, if the "cost price" of refinery gas exceeds the formula price delineated in La.R.S. 47:305(D)(1)(h). Contrary to Exxon's assertions, we conclude this provision does not affirmatively impose or levy a tax on refinery gas. Exxon's argument is inconsistent with the Louisiana Supreme Court's conclusion in BP Oil Co. v. Plaquemines Parish Gov., 93-1109, p. 9 n. 6 (La. 9/6/94), 651 So.2d 1322, 1328, that the bill which adopted the valuation formula contained in La.R.S. 47:305(D)(1)(h) was not a revenue raising measure. Rather, it is La.R.S. 47:302 and La.R.S. 47:331 which impose a state tax "upon the ... use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property." See McNamara v. Central Marine Service, Inc., 507 So.2d 207, 208 (La.1987). The use tax due under these provisions normally is calculated upon the "cost price" of the tangible personal property used. "Cost price" is defined in La.R.S. 47:301(3)(a) as:
"Cost price" means the actual cost of the articles of tangible personal property ... or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.
As a review of this provision illustrates, the basis for calculating the taxable value of refinery gas, as provided by the La.R.S. 47:305(D)(1)(h) formula, clearly differs from the basis used to determine the taxable value of other tangible personal property, which is taxed on its "cost price". Moreover, the State argues the "cost price" of refinery gas is substantially higher than the formula price provided by La.R.S. 47:305(D)(1)(h). It maintains refinery gas is exempt from taxation to the extent of the difference between its "cost price" and the formula price. Based on our consideration of the pertinent provisions, we agree La.R.S. 47:305(D)(1)(h) would have the effect of granting a tax exemption if the "cost price" of refinery gas is in fact greater than the formula price contained therein.
Initially, we note that while not conclusive, it is significant that La.R.S. 47:305(D)(1)(h) is located in a section of Title 47 entitled "Exclusions and exemptions from the tax." See State v. BP Exploration & Oil Inc., 95-2031, p. 3-4 (La.App. 4th Cir. 1/31/96), 667 So.2d 1219, 1222, writ granted, 95-0716 (La. 5/17/96), 676 So.2d 99. However, in deciding whether a provision grants a tax exemption, the words and form used is not dispositive; rather it is the effect of the provision which is determinative. Meyers v. Flournoy, 209 La. 812, 25 So.2d 601, 603 (1946); see also Hibernia Nat. Bank v. Louisiana Tax Commission, 195 La. 43, 196 So. 15, 20-22 (1940). "[A]n exemption implies a release from some burden, duty or obligation." Meyers, 25 So.2d at 603. Even if the word "exemption" is not expressly used, an exemption is created if the effect of the *787 provision is to grant an immunity from taxation. As stated by the Supreme Court in Meyers, 25 So.2d at 603, property "relieved from the burden of taxation is exempt."
In Hibernia National Bank v. Louisiana Tax Commission, the Supreme Court considered the issue of whether a provision which provided a method for determining the assessed value of shares of bank stock for tax purposes, which excluded the value of certain bank property, constituted a tax exemption. Under the provision in question, the bank's surplus, undivided profits and contingent reserves, up to 100 percent of the par capital of the bank, were not subject to tax. Only that portion of the surplus, undivided profits and contingent reserves exceeding the par value of the capital stock was taxable. The Supreme Court held that a valuation formula or mode of assessment valuation of this type clearly granted a tax exemption, since it provided that certain property was not subject to taxation. Hibernia Nat. Bank, 196 So. at 22-23.
We likewise conclude that La.R.S. 47:305(D)(1)(h) grants a partial exemption for refinery gas to the extent that its "cost price" exceeds the formula price delineated therein, since that portion of the value of refinery gas is immune from taxation. We note the Fourth Circuit reached a similar conclusion in State v. BP Exploration & Oil Inc., 95-2031, p. 3, 667 So.2d at 1222, in which it specifically held that "La.R.S. 47:305(D)(1)(h) is an exemption, not a valuation statute."
We are unpersuaded by Exxon's contention that the doctrine of contemporaneous construction precludes interpreting La.R.S. 47:305(D)(1)(h) as granting a tax exemption. Pursuant to this doctrine, Exxon argues the State cannot now argue La. R.S. 47:305(D)(1)(h) constitutes an exemption because this contention is inconsistent with the State's longtime treatment of use taxes on refinery gas and its failure to include refinery gas in its description of suspended exemptions. This argument is meritless because, while the contemporaneous administrative construction of statutes by the agency charged with administering them is generally entitled to great weight, an administrative construction cannot be given any weight where it is contrary to or inconsistent with the statute. Exxon Corp. v. Schofield, 583 So.2d 1195, 1200 (La.App. 1st Cir.), writ denied, 588 So.2d 103 (1991); Boyd v. Louisiana Real Estate Com'n, 581 So.2d 304, 306 (La.App. 1st Cir.1991). Further, the failure of public officers to correctly enforce statutory provisions with respect to the collection of taxes should not be permitted to inhibit correct administration of the law or be construed to estop more diligent public officers from performing their duty by collecting taxes owed under the law. See Amberg Trucking, Inc. v. Tarver, 626 So.2d 511, 514 (La.App. 3rd Cir.1993).
Since we have concluded La.R.S. 47:305(D)(1)(h) grants a tax exemption to the extent that the "cost price" of refinery gas exceeds the formula price provided by Section 305(D)(1)(h), the "cost price" of refinery gas is an issue of material fact in this case. Exxon, which had the burden of showing the absence of unresolved issues of material fact in order to prevail on its motion for summary judgment, failed to do so. No documents were properly filed in connection with Exxon's motion for summary judgment establishing the "cost price" of refinery gas. The state did attach to its supplemental memorandum in support of its motion and in opposition to Exxon's motion a copy of a Gas Purchase Agreement between Exxon and Star Enterprises which it alleges established the actual value of refinery gas. However, an attachment to a memoranda is not properly before the court on a motion for summary judgment and should not be considered in resolving the motion. La.C.C.P. art. 966; Dyes v. Isuzu Motors, Ltd. in Japan, 611 So.2d 126, 128 (La.App. 1st Cir.1992). Thus, the question of the actual cost price of refinery gas remains unresolved on the evidence properly before the court on motion for summary judgment.
Therefore, the trial court erred in granting Exxon's partial motion for summary judgment on the issue of additional tax liability for refinery gas. Exxon has neither established the absence of unresolved issues of material fact nor shown it was clearly entitled to judgment as a matter of law. Accordingly, *788 the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings. Exxon is to pay all costs of this appeal.
REVERSED AND REMANDED.
GONZALES, J., concurs.
NOTES
[1] Regarding the legislative suspension of tax exemptions, see La.R.S. 47:302(F)-(I) generally.
[2] Mr. Ben Morrison, in his capacity as Secretary, Department of Revenue and Taxation, was substituted as a party plaintiff by order of the court on September 12, 1995.
[3] The State also filed a writ application seeking review of the denial of its motion for summary judgment. That matter is disposed of this day in case of State of Louisiana, et al. v. Exxon Corporation, under docket number 95 CW 2370, 95-2370 (La.App. 1st Cir. 6/28/96), 676 So.2d 788.