RLeBLANC, Judge.
This matter is before the Court on a writ application filed by plaintiffs seeking review of the trial court’s denial of their motion for partial summary judgment. The matter is a companion case arising from the same suit and involving the same parties as the appeal entitled State of Louisiana, et al. v. Exxon Corporation, 676 So.2d 783 (La.App.1996) decided this date under docket number 95-CA- *789 2501, in which plaintiffs appeal the granting of summary judgment in Exxon’s favor.
On December 27,1994, plaintiffs, the State of Louisiana and Ralph Slaughter[1], Secretary of the Department of Revenue and Taxation (collectively referred to as “the State”), filed suit against defendant, Exxon Corporation, for unpaid taxes, penalties and interest. The State asserted Exxon failed to pay all use taxes owed for its use of refinery gas, as the exemption for refinery gas [La.R.S. 47:305(D)(l)(h) ] “has been legislatively suspended and rendered inoperative and of no effect.” After answering the petition, Exxon filed a motion for partial summary judgment regarding its liability for additional use taxes on refinery gas. In its motion, Exxon contended it had paid all use taxes owed because the valuation formula provided in La.R.S. 47:305(D)(l)(h) for refinery gas was unaffected by the legislative suspension of tax exemptions. In opposition, the State filed a cross motion for summary judgment, seeking a ruling that taxes should be calculated on the “true cost price” of refinery gas in light of the legislative suspension of the tax exemption for refinery gas.
Following a hearing on the opposing motions, the trial court denied the State’s motion for summary judgment.[2] Thereafter, the State filed the instant writ application requesting review of the denial of its motion for partial summary judgment. For the following reasons, we find no error in the action of the trial court.
LDENIAL OF MOTION FOR PARTIAL SUMMARY JUDGMENT
A summary judgment may grant less than all of the relief prayed for by the respective parties. However, a partial summary judgment must grant at least some of the relief prayed for. La.C.C.P. art. 966 A; La.C.C.P. art. 1915A(3); Stock v. City-Parish of East Baton Rouge, 525 So.2d 675, 676 (La.App. 1st Cir.1988); Thompson v. Copolymer Intern. Inc., 446 So.2d 1339, 1341 (La.App. 1st Cir.), writs denied, 449 So.2d 1041, 1344, 1347 (1984). A motion for partial summary judgment may not be used merely to decide an issue, without granting or denying any part of the relief claimed by any party. Stock, 525 So.2d at 676; Thompson, 446 So.2d at 1341.
In this case, an examination of plaintiffs’ motion and the memoranda in support thereof reveals that, through their motion for partial summary judgment, plaintiffs sought “a ruling from [the trial court] that the tax on the use of refinery gas should be calculated based upon the true cost price of refinery gas in light of the fact that the tax exemption provided for refinery gas has been suspended.” The ruling sought was merely a determination by the trial court of a pivotal issue herein. The motion did not seek summary judgment holding Exxon liable for unpaid taxes, penalties or interest, which are the ultimate remedies sought by plaintiffs in this suit, but only requested determination of an issue central to this suit. Since the partial summary judgment sought by plaintiffs would not have granted them any part of the relief sought in their petition, it could not properly be granted.[3] The trial court correctly denied plaintiffs’ motion.
UMOTION TO STRIKE
Exxon has filed a Motion to Strike certain language from a reply brief filed by *790 the State’s in response to the opposition filed by Exxon in this matter. Exxon argues certain portions of the State’s reply brief should be stricken as being in violation of Rule 2-12.4, Uniform Rules-Courts of Appeal, which provides, in pertinent part, that:
The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting abusive, discourteous, or irrelevant matter or criticism of any person
[[Image here]]
The specific language objected to by Exxon in the State’s reply brief states, “Exxon Corporation (“Exxon”) chooses to ignore the merits of the Writ Application entirely, and instead makes deliberate misrepresentations to this Honorable Court regarding what was presented to the trial court by the State in support of its Motion for Summary Judgment.” Exxon also objects to the language stating, “Although it is both amazing and unfortunate that Exxon would make so many misrepresentations to this Honorable Court, apparently Exxon is willing to stoop to such levels because the sales of refinery gas made by Exxon to Star clearly indicates that the value of refinery gas exceeds the amount set forth in La.Rev.Stat. 47:305(D)(l)(h)....”
The objected to language clearly violates the Rule 2-12.4 prohibition against discourteous, offensive, insulting and obnoxious language in briefs. What this Court finds truly “amazing and unfortunate” in this matter is that counsel for the State would resort to such a dubious means of advocating the State’s position. Accordingly, Exxon’s motion to strike is granted and it is hereby ordered that the language noted above be stricken from the State’s reply brief.
WRIT DENIED; MOTION TO STRIKE GRANTED.

. Ben Morrison was substituted as party plaintiff by order of the trial court September 12, 1995.

. The judgment rendered by the trial court also granted Exxon's motion for partial summary judgment. Plaintiffs' appeal of that portion of the judgment is considered in the opinion rendered by this Court in State of Louisiana, et al. v. Exxon Corporation, 95-CA-2501, rendered this date.

. Exxon's motion for partial summary judgment differs from the State's motion in this respect. If Exxon’s contention that La.R.S. 47:305(D)(l)(h) was not a tax exemption had prevailed, this finding would have entitled Exxon to the relief it sought (dismissal of the State's claim for additional taxes on refinery gas), since the State’s entire claim for unpaid taxes, penalties and interest was based on the State's assertion that this provision constituted a suspended tax exemption. However, the same is not true of the State’s contention that La.R.S. 47:305(D)(l)(h) granted a tax exemption, since the State still would not be entitled to any of the remedies sought unless it proved the amount of the exemption and the amount of additional taxes owed as a consequence thereof.