1 «RALPH TYSON, Judge Pro Tem.
This case is before us on remand from the Louisiana Supreme Court. For the reasons stated below, we now hold that plaintiffs[2] owe severance taxes for the period of December of 1979 through September of 1982.

FACTS AND PROCEDURAL HISTORY

In our previous opinions, we adopted the facts of these two consolidated cases as set forth by the trial court in its reasons for judgment. For purposes of clarity, we will reiterate the facts:
The State of Louisiana, the City of Shreveport, and the Bossier Levee District conveyed 22,000 acres located in Bossier Parish to the United States in 1930 for the construction of Barksdale Air Force Base. The Bureau of Land Management leased the mineral rights in the portion of the base known as the “Parcel 3 Lands” to Union Producing Company in 1961. Ark-la, Inc., Arkla Exploration Company, Pennzoil Producing Company, Total Mina-tome Corporation and Murphy Oil USA, Inc. are the successors of Union Producing Company’s rights. The Bureau leased rights in the property known as the “Miss Murphy USA Lease” to W.R. Stephens and Natural Gas and Oil Corporation. Arkla Exploration ' Co. and Murphy Oil USA, Inc., are the successors of the leasehold rights of W.R. Stephens and Natural Gas and Oil Corporation. These seven lessees are the plaintiffs in Suit Number 262,928.
The Bureau of Land Management leased the mineral rights in the property known as the “Parcel 1” and “Parcel 4” land to Shell Oil Company in 1961. Rosewood Resources, Inc., is the successor in interest of the leasehold rights of Shell Oil Company and is the plaintiff in Suit Number 323,597.
The State of Louisiana notified the Suit Number 262,928 plaintiffs that $38,535.37 was owed in accordance with L.S.A.-R.S. 47:631 as a tax on the severed oil and gas for the period beginning October 1982. That amount was paid under protest pursuant to L.S.A.jR.S.4 47:1576, and Suit Number 262,928 was filed for the recovery of that amount and all amounts paid since, which is in excess of $1,858,000.00.
The State notified Rosewood Resources that oil and gas severance taxes in the amount of $123,772.65 for the period March, 1986 through June, 1987, were being assessed from Rosewood in connection with the Barksdale leases in accordance with L.S.A.-R.S. 47:631. Rosewood paid the assessment under protest on October 15, 1987. Suit Number 323,597 was then filed by Rosewood to recover those amounts plus the assessments paid from July, 1987 through the present, an amount in excess of $314,000.
Two federal court proceedings were instigated [sic] a week prior to the filing of the first state court action. The cases were dismissed based upon the Tax Injunction Act, 28 U.S.C. Sec. 1341 which *42 denies Federal Court jurisdiction in a proceeding of this nature.
Appeals were taken to the Fifth Circuit in both eases and the dismissal was affirmed. The Court held in MRT Exploration v. McNamara, 731 F.2d 260 (5th Cir.1984), that the Louisiana Department of Revenue and Taxation is taxing only the revenues of the plaintiffs and not the royalty going to the United States and that there is no reason why Louisiana should be any less free from federal interference in the administration or [sic] its own fiscal affairs because these plaintiffs extracted mineral, [sic] which came beneath federal lands. The Fifth Circuit then directed the matter to state courts for a determination of the validity of the tax. MRT Exploration, 731 F.2d at 264.
Plaintiffs filed this action to recover severance taxes paid under protest for a period beginning in October of 1982. Plaintiffs argued that the Louisiana Severance Tax Statutes were unconstitutional as applied to oil and gas production from the Barksdale Air Force Base, a federal enclave. In response, defendant, the Louisiana Department of Revenue and Taxation, filed a reconventional demand for severance taxes covering the period from December of 1979 through September of 1982.[3] The trial court dismissed plaintiffs’ claims, holding that the Louisiana Severance Tax Statutes were valid and enforceable. The trial court determined that the Louisiana Severance Tax was an “income tax” within the meaning of the Buck Act. The trial l5court further determined that the 1976 amendment to the 1947 Mineral Leasing Act for Acquired Lands governed the leases at issue.
In supplemental reasons for judgment, the trial court granted judgment in favor of defendant on its reconventional demand, finding that plaintiffs in Suit Number 262,928 were liable for severance taxes for the period of December, 1979 through September, 1992. The trial court stated as follows:
Stipulation number 32 [4], submitted by defendant and the Suit Number 262,928 plaintiffs, provides that if the taxes are found by this Court to be owing for the period in dispute in the main demand, that the taxes owed for the period December, 1979 through September, 1982, the period addressed in the reconventional demand, are in the amount of $1,866,146.59 plus legal interest from judicial demand (12-29-82) until paid.
Plaintiffs appealed, and this court affirmed the trial court’s judgment. MRT Exploration Co. v. McNamara, 94-0063, 94-0064 (La.App. 1st Cir. 12/29/94); 648 So.2d 1108, cert. denied, — U.S. -, 116 S.Ct. 192, 133 L.Ed.2d 128 (1995). Plaintiffs subsequently filed a writ application with the Louisiana Supreme Court. The Louisiana Supreme Court granted the writ application in part, finding that the trial court and this court had misconstrued Stipulation No. 32. MRT Exploration 16 Co. v. McNamara, 95-0565 (La.5/19/95); 654 So.2d 1083. The matter was remanded to the court of appeal for a determination of whether the production of oil, gas and condensate between December, 1979 and September of 1982 was subject to taxation. Otherwise, the writ application was denied.
On remand, this court determined that LSA-R.S. 52:1, prior to its amendment, evidenced the state’s intent to exempt land acquired by the United States, including *43 Barksdale Air Base, from all taxation, including severance taxes. This court further determined that the legislature, through its amendment to LSA-R.S. 52:1 in 1982, intended to specifically authorize the imposition of severance taxes upon natural resources severed from within the confines of land acquired by the United States.
Defendant subsequently filed a writ application with the Louisiana Supreme Court. The Louisiana Supreme Court stayed the defendant’s writ application pending resolution of the case of Shell Oil Company v. Secretary, Revenue and Taxation, 96-0929 (La.11/25/96); 688 So.2d 1204. The Louisiana Supreme Court subsequently remanded this ease to this court for reconsideration in light of its decision in Shell Oil Company v. Secretary, Revenue and Taxation. MRT Exploration Company v. McNamara, 96-0736 (La. 1/10/97); 686 So.2d 38.

DISCUSSION

In Shell Oil Company v. Secretary, Revenue and Taxation, 683 So.2d at 1206, the Louisiana Supreme Court addressed the narrow issue of whether the State of Louisiana, through the Secretary of the Department of Revenue and Taxation, could lawfully impose severance taxes on fugitive oil and gas captured by Shell from beneath a portion of the lands within the confines of Barksdale Air Force Base, a federal enclave, for the taxable period of January 1,1980 through September 10,1982. The court extensively reviewed the history of Barksdale Air Force Base and the pertinent state and federal legislation and jurisprudence. The court held that the state was empowered to impose a severance tax for the taxable |7period in question. Shell Oil Company v. Secretary, Revenue and Taxation, 683 So.2d at 1214. The court noted that the legislature, in amending LSA-R.S. 52:1, intended to make clear its authorization for the imposition of severance taxes on mineral lessees of federal lands. However, the court also noted that this authorization had always existed under state law because of the supreme court’s decision in Murphy Corp. v. Fontenot, 225 La. 379, 73 So.2d 180, cert. denied, 348 U.S. 831, 75 S.Ct. 54, 99 L.Ed. 655 (1954).[5] Shell Oil Company v. Secretary, Revenue and Taxation, 683 So.2d at 1211. The court further stated that the state had consistently evidenced its intention to exercise its severance taxing authority pursuant to the pre-amendment version of LSA-R.S. 52:1 by its many attempts to assess the tax and the history of litigation outlined by the court in its decision. Shell Oil Company v. Secretary, Revenue and Taxation, 683 So.2d at 1213.
Based upon the holding in Shell Oil Company v. Secretary, Revenue and Taxation, we find that plaintiffs owed severance taxes for the period of December of 1979 through September of 1982.
Plaintiffs argue that the doctrine of contemporaneous construction precludes the defendant from the collection of these severance taxes because, during the relevant time period, the defendant knew that plaintiffs were not paying severance taxes on production from Barksdale and that the non-payment was based upon the construction of the pertinent statutes and jurisprudence given by all parties.
This argument is without merit. Although the contemporaneous administrative construction of statutes by an agency charged with administering |8them is generally entitled to great weight, an administrative construction cannot be given any weight where it is contrary to or inconsistent with the statute. State v. Exxon Corporation, 95-2501, p. 7 (La.App. 1st Cir. 6/28/96); 676 So.2d 783, 787.

CONCLUSION

For the foregoing reasons, the judgment of the trial court in favor of the State of Louisiana, plaintiff in reconvention, awarding taxes in the amount of $1,327,063.91[6], together *44 with interest pursuant to LSA-R.S. 47:1601, is affirmed. Costs of this appeal are assessed to defendants in reconvention, Mississippi River Transmission- Corporation, Arkla, Inc., Murphy Oil USA, Inc., Total Minatome Corporation, and Pennzoil Exploration and Production Company.[7]
AFFIRMED.
FITZSIMMONS, J., concurs and assigns reasons.

. Suit Number 262,928 and Suit Number 323,-597 were consolidated by the trial court. We will refer to the appellants from both suits collectively as "plaintiffs.” Plaintiffs in Suit Number 262,928 (our docket number 94 CA 0063) are Arkla, Inc., Pennzoil Producing Company, Arkla Exploration Company, as successor to the interests of MRT Exploration Company and Mississippi River Transmission Corporation, Murphy Oil USA, Inc., and Total Minatome Corporation, as successor to the interests of Texas Gas Exploration Corporation by corporate merger. The plaintiff in Suit Number 323,597 (our docket number 94 CA 0064) is Rosewood Resources, Inc.

. The reconventional demand was filed in Suit Number 262,928 only.

. Stipulation Number 32 provided as follows:
Suit No. 262,928 Plaintiffs acknowledge that the value of the oil severed from the wells located on the Miss Murphy Lands and the Parcel 3 Lands during the months December 1979 through September 1982 was such that the Louisiana severance tax attributable thereto would have been $996,119.53 if such production is held to be subject to taxation, that the quantity of gas severed from the wells located on the Miss Murphy Lands and the Parcel 3 Lands during the months December 1979 through September 1982 was such that the Louisiana severance tax attributable thereto would have been $742,870.34 if such production is held to be subject to taxation, and that the value of the condensate severed from the wells located on the Miss Murphy Lands and the Parcel 3 Lands during the months December 1979 through September 1982 was such that the Louisiana severance tax attributable thereto would have been $127,156.72 if such production is held to be subject to taxation, all as is more particularly set forth on Exhibit "Q” attached hereto and made a part hereof.

. In Murphy Corp. v. Fontenot, the court held that neither the federal constitution nor LSA-R.S. 52:1 prohibited the imposition of severance taxes on the actions of mineral lessees in capturing and severing fugitive oil and gas beneath the Barksdale Air Force Base. Shell Oil Company v. Secretary, Revenue and Taxation, 683 So.2d at 1207.

. The judgment reflects that the amount of taxes set forth in the stipulation ($1,866,146.59) was *44 reduced by the parties to $1,327,063.91, based on a deduction of $539,082.68, the amount of the reconventional demand in Suit Number 262,928.

. The defendant requested that this matter be remanded to the trial court for a calculation of the taxes, interest and attorney’s fees. The amount of taxes owed was stipulated to by the parties. Interest is to be calculated pursuant to LSA-R.S. 47:1601.